## TIBBLES & MILLER *vs.* O'CONNOR.

Where, in an action claiming the delivery of personal property, a third person, on behalf of the plaintiff, executes an undertaking pursuant to, and in accordance with, section 209 of the code, conditioned for the payment to the defendants of such sum as may "*for any cause*" be recovered against the plaintiff; and the defendants subsequently obtain a judgment against the plaintiff for costs, and, upon appeal to the general term, such judgment is affirmed, with costs of the appeal; the two bills of costs are within the undertaking, and the obligor is liable therefor.

APPEAL from a judgment rendered at the circuit, upon a trial by the court without a jury. Martin Lynch sued Tibbles & Miller, claiming the delivery to him of a horse which was in their possession. To entitle Lynch to the immediate delivery of the property, the defendant, O'Connor, executed an undertaking pursuant to, and in accordance with, the provisions of section 209 of the code. The horse was then taken by the sheriff; and thereupon the above plaintiffs, Tibbles & Miller, gave an undertaking, under section 211 of the code, and the sheriff redelivered the horse to them. The action proceeded to trial and judgment; when the then defendants (the present plaintiffs) had judgment against Lynch, and that they recover of him $62.64 costs. Lynch appealed to the general term of the supreme court, where the judgment was affirmed, with $72.62 costs of the appeal. This action

was brought upon the undertaking of O'Connor, given in the action brought by Lynch, above mentioned, to recover the two amounts of costs adjudged to them in that action. The plaintiffs recovered judgment at the circuit for the amount claimed by them, being the amounts of the two bills and interest. This was an appeal from that judgment.

*S. Giles*, for the defendant.

*Geo. O. Rathbun*, for the plaintiffs.

*By the Court*, WELLES, J. This is a clear case for the plaintiffs. The undertaking of the defendant provided, among other things, for the payment to the plaintiffs in this action of such sum as might *for any cause* be recovered against the plaintiff in that action. The 209th section of the code required that the undertaking should contain that provision. These plaintiffs have recovered these two sums in that action. They are clearly within the undertaking and the statute. It seems to me that there is no ground for the objections of the defendant.

The judgment must, therefore, be affirmed.

[MONROE GENERAL TERM, September 6, 1858. *Welles, Smith* and *Johnson,* Justices.]