### LETSON vs. DODGE and SMITH.

The undertaking given by the plaintiff, upon the commencement of an action in a justice's court, for the recovery of the possession of personal property, conditioned " for the prosecution of said action, and the return of said property to the defendant, if return thereof be adjuded, and for the payment to the defendant of such sum as may, for any cause, be recovered against said plaintiff," extends to all proceedings and adjudications, in the same action, though every court to which it may be carried by appeal, in case the party giving the undertaking is finally defeated ; and an action will lie thereon, after final judgment in the Supreme Court affirming a judgment against the plaintiff, recovered in the justice's court.

And in an action brought upon such undertaking, it is erroneous to nonsuit the plaintiff on the ground that an execution has not been regularly issued and returned unsatisfied, according to the provisions of the Revised Statutes relative to actions of replevin. (2 *R. S.* 533, §§ 64, 65. 3 *id.* 848, 5th *ed.*)

Those provisions of the Revised Statutes are not, and cannot be made, applicable to actions of that nature when commenced in a justice's court, under the provisions of the Code.

*It seems* those sections of the Revised Statutes are not applicable to actions commenced in the Supreme Court, under the Code, for the recovery of personal property, but are repealed by the Code.

APPEAL, by the plaintiff, from a judgment entered at a special term, after a trial at the circuit, before a justice of this court, without a jury, a jury having been waived by the parties in open court. The action was brought to recover damages on an undertaking for $170, executed by the defendant Dodge, as principal, and the defendant Smith, as surety, on the 2d day of May, 1864, in an action that day commenced by the said Jasper Dodge against the said Marcus Letson, before John W. Hamlin, Esq., a justice of the peace, in the town of Aurora, county of Erie, to recover possession of a three spring wagon, pole, thills and set of whiffletrees, all in an unfinished state ; and was conditioned for the prosecution of said action, and the return of said property to the said Letson, if return thereof be adjudged, and for the payment to said Letson of such money, or sum, as should, for any cause, be recovered against said plaintiff.

The justice before whom the present action was tried, found that the following facts were proved on said trial:

*First.* That an action was commenced before the said John W. Hamlin, Esq., by Jasper Dodge against Marcus Letson, on the 2d day of May, 1864, to recover the possession of the personal property above described, and that the undertaking described in the complaint therein was duly executed by the defendants herein, to the plaintiff herein, and delivered to said justice by the defendant Dodge, as required by the statute in such cases made and provided.

*Second.* That said action was tried on the 23d day of May, 1864, before said justice, and a jury, who rendered a verdict against said Jasper Dodge, and in favor of said Marcus Letson, for the return of said wagon, with six cents damages for the detention thereof, and said jury appraised the value of said wagon at fifty-nine dollars; and that said justice, on the same day, rendered judgment therein against said Jasper Dodge, and in favor of said Marcus Letson, for the return of the property, and six cents damages, and five dollars costs.

*Third.* That said Jasper Dodge, the plaintiff therein, duly appealed to the county court of Erie county, from said judgment, gave an undertaking, with good and sufficient sureties, according to the statute in such cases made and provided, and served the notice of said appeal, and said undertaking, on said justice, in time to stay the proceedings on said judgment, and paid all the costs necessary to pay to perfect said appeal. That said justice duly made his return to said county court, and the judge of said county court thereafter duly certified said action to this court, according to the statute in such cases made and provided.

*Fourth.* That said action was tried in this court on the 5th day of June, 1866, at a circuit court held in and for Erie county, by Justice Davis, and he made a report in

Letson *v.* Dodge.

favor of the said Marcus Letson, and against the said Jasper Dodge, that he was not entitled to the possession of said property, and said Letson was; and directed a return of the property, and assessed the value thereof at $120, and that he sustained damages by the detention, to the amount 'of $17.50, and directed judgment accordingly. That on the 9th day of July, 1867, judgment was perfected and an execution issued thereon, according to the terms of said judgment, and delivered to the sheriff of Erie county, and he returned the same wholly unsatisfied, and the plaintiff commenced this action, August 19, 1867; and that afterwards, and on the 12th day of November, 1867, said execution was set aside, on motion of the counsel for said Jasper Dodge, by an order of a special term of this court, and said order is unreversed, and in full force.

*Fifth.* That on the 9th day of July, 1867, the said Jasper Dodge duly appealed to the general term of this court, and gave a good and sufficient undertaking, with sufficient sureties, according to the statute in such cases made and provided, and duly served a copy thereof on the attorneys for said Letson, according to the rules and practice of the court. And that the said general term duly affirmed the judgment of the circuit court, and judgment was duly perfected thereon in favor of said Letson, June 18, 1869.

The said justice found, as conclusion of law, that the plaintiff had not made out, by the proof, a cause of action, and that the defendant was entitled to a judgment of nonsuit, with costs to be taxed. Judgment was entered accordingly.

*D. N. Lockwood,* for the appellant.

*Wm. C. Johnson,* for the respondent.

*By the Court,* JOHNSON, J. The action is upon an undertaking given in a justice's court, upon the commence-

ment of an action in that court, for the recovery of the possession of personal property, by the defendant Dodge, against the plaintiff in this action. The undertaking was in the usual form, " for the prosecution of said action, and the return of said property to the defendant, if return thereof be adjudged, and for the payment, to the defendant, of such sum as may, for any cause, be recovered against said plaintiff."

Dodge, the plaintiff in that action, was defeated in the justice's court, and the return of the property was adjudged, with nominal damages, and costs of the action. He thereupon appealed to the county court, and gave the undertaking prescribed by the Code, which stayed all proceedings on the justice's judgment. The action was afterwards duly certified to the supreme court, and tried at the circuit, where Dodge was again defeated, and a return of the property adjudged, with damages for detention. Judgment was entered accordingly, and for the costs of the action. From this judgment Dodge again appealed to the general term, and gave an undertaking in due form, which stayed proceedings, and the general term affirmed the judgment. Upon this state of facts there can be no doubt, that the action is properly brought upon the undertaking in the justice's court, where the action was commenced. The subsequent proceedings have all been in the same action, and the undertaking in the justice's court extends to all the proceedings and adjudications, in the same action, through every court to which it may be carried by appeal, in case the party giving the undertaking is finally defeated. This has been repeatedly and uniformly held. (*Traver* v. *Nichols*, 7 *Wend.* 434. *Ball* v. *Gardner*, 21 *id.* 270. *Tibbles* v. *O'Connor*, 28 *Barb.* 538. *Bennett* v. *Brown*, 20 *N. Y.* 99. *Robinson* v. *Plimpton*, 25 *id.* 484. 2 *Waite's Pr. and Pl.* 197, 198.)

The plaintiff in this action was nonsuited at the circuit on the ground, as appears, that an execution had not been

Letson *v.* Dodge.

regularly issued and returned unsatisfied, according to sections 64 and 65, 2 *R. S.* 533, which appear to have been retained in the 5th edition of the Revised Statutes, vol. 3, 848, as sections 25 and 26, and which the justice at the circuit held were applicable to this class of actions, when commenced in a justice's court. In this I think the learned justice was clearly mistaken. The bond provided for, in actions of replevin, by the Revised Statutes, was a bond executed to the sheriff, or other officer, by whom the writ was executed, and the right of action upon that bond was given to the party, by the same statute, only upon the return of execution unsatisfied in whole, or in part; in which case the sheriff was required to assign the bond to the defendant, or his representatives, on their request. The statute, in express terms, made the return of the sheriff evidence of the breach of the bond, assigned in the declaration. It is very clear that these provisions are not, and cannot be made, applicable to actions of this nature commenced in a justice's court under the provisions of the Code. It is neither necessary nor proper to undertake to determine in this action whether these sections of the Revised Statutes are still applicable to actions commenced in the Supreme Court, under the Code, for the recovery of personal property. It would not be difficult, I think, to show that they have no application in either case, but are repealed by the Code. It has been so held by the superior court in the city of New York. (*Livingston* v. *Hammer,* 7 *Bosw.* 670.)

Execution had, in fact, been issued upon the judgment in the Supreme Court, and returned wholly unsatisfied before this action was commenced. But after this action had been commenced some three months, such execution was, by the order of the court, set aside, but for what cause does not appear.

But independent wholly of that execution, this action is

properly brought upon the undertaking, and the plaintiff ought not to have been nonsuited. The judgment must, therefore, be reversed, and a new trial ordered, with costs to abide the event.

[FOURTH DEPARTMENT, GENERAL TERM, at Syracuse, November 13, 1871. *Mullin*, P. J., and *Johnson* and *Talcott*, Justices.]