By the Court.—Monell, J.
There was no disputed -question of fact in the case which required submission to the jury. The proof of the transfer of the judgment to the plaintiff was clear and abundant. Not only the written assignment which was not impeached, but the parol evidence furnished by the defendants, established very conclusively that the title to the judgment was in the plaintiff. The intermediate assignments from Bennstaedt (the plaintiff in the judgment) to Gunther, and from Gunther to Elwood, formed the links in the chain of title, after proof of the assignment from Elwood to the plaintiff. Had there been any equity or interest of the defendants affected by such several transfers, or by any of them, then a question of a different character might arise. But it does not appear that there was any defence which the defendants could have made available against Gunther or Elwood which was not equally available against the plaintiff. It was therefore immaterial so far as the defence was concerned, that the plaintiff’s title came through Elwood and Gunther. The written assignments conveyed the legal title, and that was enough as against the defendants, who had no •special equities as against any of the other parties.
The five hundred dollars paid to Elwood was not a ■payment on the judgment. It expressly appears that it was paid under the agreement between Gunther and Elwood that it should be received “in full satisfaction •of all costs, counsel fees, and disbursements in the action which had been or might be incurred. ’ ’ Such costs, etc., were such as the plaintiff in that action, or his assignee, Gunther, might incur or be liable for, and did not in-. *422 elude or apply to the costs recoverable in the action, and which were included in the judgment against Anschutz, the defendant.
There was, therefore, no question of fact for the jury upon either of these branches, of the case, and the refusal to make the submission was not erroneous.
The right to recover in this action against the sureties on the appeal from the Special to the General Term, the-costs of the appeal to the Court of Appeals, presents a question which has not, I believe, been directly adjudicated upon by any court. There are many cases, fosóme of which I will presently refer, which are dicta, at least in favor of the right.
As an original question, I should incline strongly against it.
The defendants were sureties upon an appeal from a Special to a General Term of the court. Their engagement was that their principal, the appellant, would pay all costs and damages which might be awarded against him “on said appeal,” and if the judgment should be-affirmed, the amount of such judgment.
Here, it seems to me, is an express and clear limitation of the sureties’ agreement that if the appellant is-unsuccessful, he shall pay all costs and damages which may be awarded against him on such appeal. There is-nothing in the instrument that would indicate an intention on the part of the sureties to enlarge their liability, and extend it to other or further proceedings in. the action. An appeal from a Special to a General Term is a distinct and definite proceeding. Although, in one sense a continuation, it is, nevertheless, a separate and disconnected action, regulated by special provisions of law, and is as capable of involving a separate-liability and limitation, as in the case of any othersuretyship. x
This view is strengthened, I think, by the provision <of law, that to render an appeal to the Court of Appeals *423 £ £ effectual for any purpose, ’ ’ a written undertaking must "be executed on the part of the appellant to the effect that he will pay all costs, etc., which may be awarded against him in that court (Code, § 334). Such undertaking requires at least two sureties. Here is a further appeal, but it is wholly separated from any prior appeal, and absolutely requires a new undertaking with a fresh and original liability of sureties.
If the intention of the legislature can be ascertained from the several provisions of law regulating these successive appeals, it is manifest, I think, that it was de" signed not only that security should be given upon each appeal, but that such security should be applicable and appropriate to each appeal. Had it been supposed that the sureties upon an intermediate or previous appeal could be held for the costs of all subsequent appeals, then the provision requiring a new undertaking in the Court of Appeals would have been onerous and unnecessary.
It seems to me, therefore, that the defendant’s liability did not extend beyond the costs, etc., in the General Term, and cannot be construed to include the costs of a further appeal to which they were not privy.
But I And a number of decisions, some of which are authority for us, in which language is used of such an unmistakable import as to render the question stare decisis.
In Travers v. Nichols (7 Wend. 434), the security was for the payment of any sum which might be adjudged against the party giving it, and it was held that the liability of the sureties extended to all the costs in the action, and included the costs of an appeal from a justice of the peace to the Court of Common Pleas.
In Ball v. Gardner (21 Wend. 270), the bond was given by the plaintiff upon suing out an attachment from a justice’s court, and was conditioned to pay alt damages and costs if he failed to recover. This was held to ex *424 tend to the final determination of the action, and was not restricted to a recovery before the justice.
In Smith v. Crouse (24 Barb. 433), there was an appeal to the county court from a judgment of a justice of the peace. The undertaking was to the effect that if judgment should be rendered against the appellant, the sureties would pay any unsatisfied part of the judgment. The county court reversed the judgment of the justice. «An appeal was taken to the Supreme Court, where the judgment of the county court was reversed, and that of the justice affirmed. It was held that the sureties were bound for the costs in the Supreme Court.
In Tribbles v. O’Connor (28 Barb. 538), the undertaking was on behalf of a plaintiff in an action of claim and delivery of personal property, and was conditioned for the payment to the defendant of such sum as might" for any cause” be recovered. This was held to cover all the costs in the action, including those of an appeal to the General Term.
Gardner v. Barney (24 How. Pr. R. 467), was in most respects like the case before us. There was an undertaking upon appeal from the Special to the General Term. The judgment of the Special Term was reversed, and the respondent appealed to the Court of Appeals, when the General Term was reversed, and the •Special Term affirmed. In sustaining the right to the costs in the Court of Appeals, it was held that “there was nothing in the Code nor in the language of the undertaking which restricts the liability of the sureties to the action of the General Term.” This case was affirmed by the Court of Appeals (see Seacord v. Morgan, 3 Keyes, 638).
Bennett v. Brown, (20 N. Y. R. 99) was, like Ball v. Gardner (ubi sup.), an action upon a bond given upon the issuing of an attachment, and a like decision was made; and Letson v. Dodge (61 Barb. 125) was like *425 Tibbetts y. O’Connor, (ubi sup.), and a like decision was made.
In Robinson v. Plimpton (25 N. Y. R. 484), the undertaking was the same as in this case, but the General Term reversed the judgment below. On appeal to the Court of Appeals the General Term was reversed and the Special Term affirmed. Mr. Justice Allen says (p. 485): “In terms the undertaking does not restrict the liability of the defendants to the contingency of an affirmance of the judgment by the Supreme Court. The condition may as well refer to an affirmance by the judgment of any court to which the cause may go by appeal, or the final decision of the action in the court of last resort. There was no reason for making the undertaking effectual only upon the first appeal, and for the judgment of a court which was not necessarily final; and the statute and the undertaking given in pusuance of it have respect to the final determination in the court of last resort, or the last court to which the parties may take it by appeal. The cause is the same in every court, and the question in each is the same, to wit, whether the first judgment—that appealed from by the defendant’s principal—was erroneous and should be reversed, or was right and should be affirmed. The condition is in substance for the ultimate affirmance of the judgment appealed from.”
I have quoted thus largely from the opinion that the import of the decision may be clearly seen. There is no mistaking the language of the learned justice, and it puts it beyond all doubt, that the court intended to hold, and did hold, that the liability of the sureties continued until the final decision in the Court of Appeals.
A distinction might be drawn, if the language of the opinion admitted of it, between a reversal and an affirmance in the General Term. It might be said that as the sureties limited their liability to an affirmance by the *426 General Term, which, so far as they were concerned, was a final determination, .they cannot be deemed to have stipulated for any further liability. According to-all the cases, upon an affirmance the sureties immediately became liable. Upon what principle, then, is that liability to be extended on proceedings which they did not institute, and in which they took no part 1 It may be different where the judgment is reversed. Then (as Mr. Justice Allen says), the contingency of an affirmance has not happened.
But, as I have said, .there is no mistaking the language in the case last referred to. It is sufficiently comprehensive to take in this' case, and we must follow it.
Seacord v. Morgan (3 Keyes 636) was an affirmance as to one only of several defendants, and the undertaking was held to be binding as to that one ; but it does not clearly appear that the plaintiff sought to recover the costs in the Court of Appeals. The undertaking, however, in that case was upon the appeal to the Court of Appeals, and I refer to it merely as approving Gardner v. Barney (ubi sup.).
Following these decisions, there was no error in allowing a recovery of the costs in the Court of Appeals.
We have examined the other exceptions taken at the trial, but do not find any error in the matter to which they relate.
The judgment should be affirmed.
Curtis, J., concurred.