*(margin note: 7.——: credibility of witnesses: jury.)*

52  107
100  610

THE FIRST NATIONAL BANK OF BURLINGTON v. OWEN ET AL.

1. **Evidence:** IN ACTION AGAINST EXECUTOR: STOCKHOLDER. In an action by a corporation against an executor, the testimony of a stockholder of the plaintiff, as to statements and agreements made by the defendant's testator, are inadmissible under section 3639 of the Code.

*Appeal from Des Moines Circuit Court.*

WEDNESDAY, OCTOBER 22

THE plaintiff holds certain claims against the Burlington & Southwestern Railway Company, amounting to about ten

thousand dollars, and brings this action to recover against the defendants as executors of the estate of E. B. Ward upon an alleged agreement of Ward to pay the claims. The defendants deny the agreement. Trial without a jury. Judgment for defendants. Plaintiff appeals.

*Hedge & Blythe*, for appellant.

*E. S. Huston* and *H. H. Trimble*, for appellees.

ADAMS, J.—The plaintiff, in the first place, sets out a written agreement purporting to be made between the Burlington & Southwestern Railway Company and the plaintiff, whereby the former undertakes to pay the latter the claims in question in installments at dates therein mentioned, with ten per cent interest. This agreement, although purporting to bind only the railway company for the payment of the claims, the plaintiff avers was intended, according to the understanding between it and Ward, to bind him also.

1. EVIDENCE: executor: stockholder.

But we do not see how the plaintiff can recover against Ward's executors upon this agreement, as it stands. We are not prepared to say, indeed, that it could be reformed so as to make such a recovery possible. Ward's name is not only not subscribed to it as promisor, but appears nowhere in the body of the instrument. But whether it could be reformed or not we have no occasion to inquire. The plaintiff asks no such relief. The instrument, as it stands, certainly affords no ground for a recovery.

The plaintiff, however, sets up in addition a parol agreement to pay the claims.

Without stopping to inquire whether such agreement would be within the statute of frauds, it is sufficient to say that it is denied by the defendants, and we do not think that it is proven. The witness introduced to prove it was one Martin. The purport of his testimony is that Ward said he was going to advance money to the company to pay its debts, including the debt due the plaintiff, and was going to pay the plaintiff out of such money. Ward, it appears, was the president and managing agent of the company. Whatever he said, it ap-

pears to us that he said as the president and managing agent of the company, and did not undertake to bind himself individually. We have read the testimony carefully and come to no other conclusion.

One Lauman was introduced as a witness, by whom it is claimed that the agreement could have been proven more clearly. But the court excluded his testimony under section 3639 of the Code, because it appeared that he was a stockholder in the plaintiff company and, therefore, interested in the action, and what he proposed to testify to was a personal transaction between him and the defendant. The plaintiff complains of the ruling of the court in excluding the testimony, but it appears to us that it was rightly excluded.

The plaintiff avers that Ward was lessee of the road, and liable to pay the plaintiff's claims because he was lessee. The claims, however, were contracted by the company, and before the commencement of the alleged lease. It appears to us, therefore, to be immaterial whether Ward was lessee or not. Besides, we have construed the identical contract constituting the alleged lease, and held that it is not a lease. *United States Rolling Stock Company v. Potter*, 48 Iowa, 56.

We see no error in the rulings of the Circuit Court, and the case must be

AFFIRMED.