[Filed December 13, 1886.]

## JOSEPH W. CARLON v. S. R. & E. DIXON.

REPLEVIN—SURETIES IN—LIABILITY FOR COSTS.—In an action for the recovery of personal property, the sureties in the undertaking "for the payment to the defendant of such sum as may, from any cause, be adjudged against the plaintiff," upon a judgment adverse to the plaintiff, are liable for the costs of the action.

SAME—INTEREST.—But such liability is limited to the amount of the penalty stated in the undertaking, with interest from the time judgment is rendered in the original action, and the costs of such proceeding as may be instituted to enforce the liability.

DOUGLAS COUNTY.  Both parties appeal.  Affirmed.

*C. Ball*, for Plaintiff.

*W. R. Willis*, for Defendant.

LORD, C. J.—This is an appeal from a judgment rendered in the circuit court, upon a trial by the court without a jury. Briefly, the facts are these: Wm. Britt brought an action in replevin against Carlon, the present plaintiff, claiming the delivery to him of a horse which was in the possession of Carlon. To entitle and secure to Britt the immediate delivery of the property, the defendants Dixon and Dixon executed an undertaking, as sureties, for double the value of the property, "for the prosecution of said action, for the return of the property to the defendant, if return thereof be adjudged, and for the payment to him of such sum as may from any cause be recovered against the plaintiff," as prescribed by the code. The horse was then taken by the sheriff, and thereupon the plaintiff gave the undertaking as prescribed in such code, and the sheriff redelivered the horse to him. The action proceeded to trial, and Britt obtained judgment; whereupon Carlon, the present plaintiff, appealed to the circuit court, and the judgment was reversed, and a judgment rendered in his favor for his costs and disbursements, taxed at $512.20. This action was brought on the undertaking of the defendants Dixon and Dixon, given in the action brought by Britt, above mentioned, to recover the amount of costs adjudged to him in that action. The penalty in the bond or undertaking of the defendants, for double the value of the property, was fixed at $250.

There are but two questions which we are required to consider on this record. (1) Are the defendants liable on their undertaking for costs? and (2) What is the extent of the liability after default? The liabilities of sureties on replevin bonds for the payment of costs incurred in the original action has been so often adjudged, that the question ought to be deemed settled. In New York, where the provisions of the code in respect to the matter are identical with our own, it has been adjudged that the sureties are liable on their undertaking, given in accordance with section 209, for costs.

In *Tibbles* v. *O'Connor*, 28 Barb. 538, a case upon all fours as to the facts in hand, the court say: "This is a clear case for the plaintiffs. The undertaking provided among other

things for the payment to the plaintiffs in this action of such sum as might *for any cause* be recovered against the plaintiff in that action. The 209th section of the code required that the undertaking should contain that provision. These plaintiffs have recovered these two sums in that action. They are clearly within the undertaking of the statute." And this decision has been approved by later authorities in that State.

In *Hinckley* v. *Kreitz et al.*, 58 N. Y. 588, Church, C. J., in referring to it, said: " *Tibbles* v. *O'Connor*, 28 Barb. 538, was upon an undertaking in behalf of the plaintiff in an action upon a claim and delivery of personal property, conditioned, among other things, for the payment of such sum as might for any cause be recovered in the action. The court held that the costs recovered upon appeal were covered by the undertaking, *as they clearly were.*" (*Letson* v. *Dodge*, 61 Barb. 128.)

At common law, where the bond was conditioned to prosecute the suit with effect, and for a return of the goods in case a return shall be awarded, the sureties were liable for costs. (*Gainsford* v. *Griffith*, 1 Wms. Saund. 58, note 1 ; *Branscombe* v. *Scarborough*, 6 Ad. & E., N. S. 13 ; *Balsley* v. *Hoffman*, 13 Pa. St. 603.)

At one time it was thought that the condition of such bond was alternative, and that the effect of rendering either impossible was to discharge the surety. (*Kimmel* v. *Kint*, 2 Watts, 431.) In a word, that the condition of the replevin bond is simply for the return of the goods, in the event of a judgment *de retorno habendo* being rendered against the plaintiff in the action of replevin, and for which alone the surety was responsible; and some such notion seems to have prevailed in the case here. But in *Gibbs* v. *Bartlett*, 2 Watts & S. 33, the doctrine of *Kimmel* v. *Kint*, *supra*, was overthrown, and numerous cases cited to show that the undertakings stipulated by the bond constitute distinct and independent conditions, and that a breach of any of them worked a forfeiture.

In *Tibbal* v. *Cahoon*, 10 Watts, 232, the defendant had retained the goods under a claim of property; which being found for him, he was also held entitled to recover the costs in an ac-

tion on the bond, though there was no judgment *de retorno.* " If it were held," said Kennedy, J., " that the surety is not liable, on the clause to prosecute his suit with effect, for the costs adjudged to the defendant, upon failure of the plaintiff to prosecute the suit with success, the clause, though full of meaning and force, would be thereby rendered wholly useless and entirely inoperative."

· Applying this language, in *Balsley* v. *Hoffman, supra,* Bell, J., said : " Now, as in this instance the goods replevied had been retained by the defendant, the only damnification suffered by him was in the costs to which he had been put ; and as these. could only be reached under the clause for effective prosecution, the decision would seem to be directly in point to show the liability of the parties in the bond to answer, at least to the extent of the penalty, the damages recovered by the defendant in the first action. But the authorities do not stop here. (See also, *Thompson* v. *Joplin,* 12 S. C. 581 ; Morris, Replevin, 265 ; 2 Sutherland Dam. 43.)

· But the more difficult question here is whether judgment can be given on a replevin bond against the sureties for more than the penalty and costs—that is to say, whether interest can be recovered beyond the penalty from the time of the breach of the condition.

In *Hefford* v. *Alger,* 1 Taunt. 218, it is held that the sureties in a replevin bond are together liable only to the amount of the penalty in the bond, and the costs of suit on the bond. " It is not to be disputed," said Tindal, C. J., " that the sureties, singly, would be liable to the amount of the penalty of the bond ; and in *Hefford* v. *Alger,* 1 Taunt. 218, which is subsequent to *Evans* v. *Brander,* 2 H. Bl. 547, it was held that the two together are liable to no more. After that decision in this court, we ought not to throw the matter open again by laying down a different rule for the sheriff, who is responsible on the failure of the sureties." (*Paul* v. *Goodluck,* 2 Bing., N. C. 220.)

The general principle as stated, is, that on a penal bond, a judgment cannot be recovered beyond the penalty. ( *Wilde*

v. *Clarkson*, 6 Term, 303 ; *Branscombe* v. *Scarbrough*, 6 Q.
B. 13 ; *Clark* v. *Bush*, 3 Cow. 151 ; *Farrer* v. *U. S.*, 5 Pet.
372.) Mr. Morris says : " The liability of the surety in re-
plevin is limited by the penalty of the bond ; the preceding
observations show that his liability may be less than that
amount; it cannot exceed it." (Morris, Replevin, 268, citing
*Hunt* v. *Bond*, 2 Dowl. 558 ; *Ward* v. *Henly*, 1 Y. & J. 258;
*Gould* v. *Warner*, 3 Wend. 54.)

In the case in hand, the judgment was rendered in the re-
plevin suit for costs, May 21, 1883, and the liability of the
defendants then became fixed. The judgment was for an amount
which exceeded the penalty of the bond ; but, as we have
seen, the defendants could have discharged themselves by the
payment of the amount of the penalty. They neglected to
do this, and necessitated the action on the bond. The court
below found that the defendants were liable on their undertak-
ing in the sum of $250, the amount of the penalty, with legal
interest from May 21, 1883, and that the plaintiff was entitled
to a judgment against the defendants for that sum, with such
interest, and rendered judgment accordingly. At the argu-
ment, it was claimed by counsel for the plaintiff that the con-
dition of the undertaking was such as to cover the entire
amount of the judgment in the replevin action ; and that, there-
fore, judgment on the undertaking might be for an amount in
excess of the penalty fixed by that instrument. But this is
untenable. The sureties are only liable to the amount of the
penalty of the bond and costs. The penalty is that sum which
the sureties bind themselves and agree to pay when a breach
of the condition occurs which is a part of their obligation.

The more difficult and disputed question is, whether, after
breach of the condition, the sureties are liable for interest, for
the delay in payment, by way of damages for the breach. In
*Fraser* v. *Little*, 13 Mich. 198, the authorities, both English
and American, are reviewed by Campbell, J., and the result
he reaches is, that interest cannot be recovered on the penalty.

Referring to *Brainard* v. *Jones*, 18 N. Y. 35, in which it
was held that interest was recoverable for withholding pay-

ment after default, he says: "It is in direct conflict with the mass of decisions, and in conflict with the principle which underlies them all, that a *penalty* is not to be enlarged, under any circumstances, and will not be enforced beyond its letter." But the force of this decision is greatly broken by the dissenting opinion of Christiancy, J., which is in general accord with the doctrine of the law, as held in New York, Massachusetts, Kentucky, and perhaps some other states.

In *Brainard* v. *Jones, supra,* it was held that the recovery against a surety in a bond for the payment of money is not limited to the penalty, but may exceed it so far as necessary to include interest from the time of the breach; and that so far as interest is payable by the terms of the contract, and until default made, it is limited to the penalty; but after breach it is recoverable, not on the ground of contract, but as damages, which the law gives for its violation. Comstock, J., said: "But when the sum claimed becomes a debt actually due from them, and they continue in default, the question, properly considered, is one of damages for the delay. As the law imposing these damages finds its warrant not in the terms of the contract, but in the rules of reason and justice, so it must follow that the same rules furnish the only restraint upon its power in such cases. The question, in short, is not what is the measure of a surety's liability under a penal bond, but what does the law exact of him for an unjust delay in payment after his liability is ascertained, and the debt is actually due from him."

Formerly it was the rule, upon a breach of the condition, that the surety was liable for the entire amount of the penalty, although the loss or damage was insignificant. The breach worked a forfeiture, and the penalty fixed the liability. But this rule no longer prevails. If the loss or damage be less than the penalty, the liability is discharged by the payment of the amount of such loss or damage. The penalty merely fixes the maximum of the liability of the sureties or obligors, and they cannot be held liable for interest beyond the penalty of the bond, except for such interest as accrued from their own default in unjustly withholding payment. When the judgment

is equal to or in excess of the penalty fixed in the bond, the sureties may discharge themselves from liability by the payment of the amount of such penalty; but if they refuse so to do after breach of the condition, and persist in defending the suit brought to compel their performance, they will be liable for the penalty, and interest by way of damages for unjustly withholding payment. In such case the penalty is an ascertained sum which is due, and when withheld, like any other debt, ought to carry interest. It has been so held by this court in a case not reported, as I am informed by one of my associates.

It is difficult to see upon what principle interest can be refused upon the penalty of a bond which is due, more than interest upon any other money which has not been paid when the creditor has become entitled to it. In *Carter* v. *Thorn*, 18 B. Monroe, 613, it was held upon the breach of the condition of a penal bond, the penalty becomes in law a debt due, and the obligors can discharge themselves from liability on the bond, when the damages resulting from the breach of the condition exceed the penalty, by the payment of the penalty alone ; but if the damages in such case be not paid on the happening of the breach, it will bear interest until it is paid. (See also *Hughes* v. *Wickliffe*, 11 B. Monroe, 202 ; *Walcott* v. *Harris*, 1 R. I. 404; *Leighton* v. *Brown*, 98 Mass. 516 ; *Judge of Probate* v. *Heydock*, 8. N. H. 493 ; Murfree, Official Bonds, Sec. 609, and cases cited.)

We think the court committed no error in allowing the interest. The plaintiff is entitled to his costs and disbursements in the court below, and as both appealed to this court, each will pay the costs of his own appeal.