In the Matter of the Estate of J. S. MAXWELL, Deceased.

**Implied Trusts:** FUNDS OF ANOTHER DEPOSITED TO PERSONAL ACCOUNT: RIGHTS OF BENEFICIARY. The deceased having obtained the release of a mortgage on real estate given to secure an indebtedness to his

mother, sold the real estate, and, with the consent of his mother, retained the amount of the mortgage out of the proceeds of said sale to reinvest for her, she holding the note previously secured by said mortgage. The amount so retained was deposited in bank to the personal account of the deceased, and so remained at the time of his death, except a portion thereof that he had invested in certain real estate, taking the title thereto in the name of his mother. *Held,* that the agreement between the deceased and his mother for the retention of said fund constituted the former a trustee for his mother in relation to said fund, and that the mother was entitled to payment of the amount not invested out of the funds in bank to the personal account of the deceased.

*Appeal from Polk District Court.*—Hon. Charles A. Bishop, Judge.

Thursday, October 22, 1891.

In a proceeding for the settlement of this estate Sarah M. Drake filed a petition of intervention, claiming that certain money, deposited by the intestate in the Citizens' National Bank in his own name was the money of the intervener, and held by the intestate and deposited as her agent. Upon a trial on the merits the district court made and filed a finding of facts, upon which judgment was entered, dismissing the petition of intervention, from which she appeals.—*Reversed.*

*St. John & Stevenson,* for appellant.

*A. A. Haskins,* for appellee.

Beck, C. J.—I. The findings of facts are to the following effect: The intestate was indebted to the intervener, who was his mother, in the sum of twelve hundred dollars, secured by a mortgage upon real estate. He sold the mortgaged property, and so advised his mother, and requested her to release the mortgage, and retain the note, and proposed to hold the money, and reinvest it for her and in her name. The intervener complied with this request, and sent the

mortgage and release thereof, but retained the note. Subsequently, about the time the intestate caused the release to be delivered and the mortgage discharged, he requested his mother to send him a power of attorney to authorize him to purchase and sell real estate in her name, which would enable him to keep the money of his mother in her name, and in the same way invest it. The intervener complied with this request. The proceeds of the sale of the mortgaged property, to the amount of thirteen hundred and forty-eight dollars and twenty-five cents, were deposited in the Citizens' National Bank of Des Moines. He had at the time a deposit in the same bank amounting to two hundred and forty-seven dollars and eighty cents, and stated that all the deposit he made was not his own money. Against these deposits he drew eight hundred and nine dollars and sixty-eight cents, seven hundred dollars being in payment of town lots in Dakota purchased by him as an investment for his mother, the title being taken in her name. About forty days after the deposit the intestate died, leaving a deposit in the Citizens' National Bank equal to or in excess of the money he held for investment on account of his mother.

II. The counsel for the administratrix maintains that the facts show the transaction to be the discharge of a mortgage security, thereby releasing the claim or lien of the mother against the specific money deposited. Counsel are right in their conclusions that the mother would, after the release of the mortgage, without more, have no claim on the money. A mortgage released to permit a sale of the property free from its lien would not bind the money received in payment for the property. But the facts show something more in the form of an agreement between the parties, to the effect that the money was to be held and invested for the mother. The intestate became the agent and trustee of his mother by this agreement, and acted in pursuance of

such trust, and at his death held as trustee the money claimed in the intervener's petition. We are clearly of the opinion that the facts found show the existence of a trust under which the intestate held the money in question at the time of his death. The plaintiff may follow this money, the trust fund, in the hands of the trustee, and in the hands of the depository holding it for the trustee, the Citizens' National Bank. In our opinion, the district court erred in dismissing the plaintiff's petition upon the facts found. The judgment will be reversed, and a judgment rendered, at intervener's option, in this court, granting the relief prayed for in her petition. REVERSED.