### H. I. SMITH v. W. C. CLARK, Sheriff, Appellant.

**Levy: PROCEEDS OF MORTGAGE:** *Lien.* Where a mortgagee permits the sale of mortgaged property, and that notes may be taken for the same in the name of the mortgagor, it being agreed that said notes shall be applied on the mortgage debt, he has no lien on the notes, as against a creditor of the mortgagor, who levies upon them while in the latter's possession, without notice of such agreement.

**SAME:** *Notes in locked safe.* A levy on a safe, which is locked, and its contents, described in the return as "notes and money and books," is a good levy on notes payable to the execution defendant, contained in the safe.

**Acknowledgment: INTERESTED NOTARY:** *Corporations.* An acknowledgment of a mortgage, taken by a notary public who is a stockholder in a bank which is a beneficiary under the mortgage, is void.

**SAME:** *Record notice.* The record of such mortgage is not constructive notice to a sheriff who levies an execution on the mortgaged property.

*Appeal from Cerro Gordo District Court.*—HON. JOHN C. SHERWIN, Judge.

### THURSDAY, JANUARY 21, 1897.

ACTION in equity to establish a lien on personal property. There was a hearing on the merits, and a decree which was in part in favor of each party, and both appeal, the defendant being the appellant.— *Modified and Affirmed.*

*Blythe, Markley & Smith* for appellant.

*Richard Wilber* for appellee.

ROBINSON, J.—On the fifth day of October, 1892, John Bush made to the First National Bank of Mason City, Iowa, his promissory note for the sum of one

thousand dollars payable sixty days after its date. On the twenty-sixth day of the same month, Bush executed to the plaintiff an obligation, in the sum of three thousand five hundred dollars which was to be void on condition that Bush should pay the First National Bank of Mason City, all notes, overdrafts, and indebtedness of every kind which he should be owing the bank at any time, and should also pay the plaintiff all debts and obligations which obligor might owe to him; and all this was to be performed within one year from the date of the obligation. To secure the performance of that undertaking, Bush gave to the plaintiff a chattel mortgage on a stock of machinery, machine supplies, buggies, wagons, harrows and other agricultural implements, office fixtures, and furniture, and "also all book accounts, and all accounts due or hereafter to become due." The mortgage provided that the mortgaged property should remain in the possession of Bush until default in the performance of conditions the mortgage was designed to secure, unless the mortgagee should deem himself unsafe. The mortgage was recorded in a chattel mortgage record book of the county. On the first day of November, 1892, Bush gave to the bank a note for the sum of one thousand four hundred dollars, due thirty days after its date. On the eleventh day of October, 1894, nearly two thousand dollars were due on these notes, and both had been then transferred to, and were owned by the plaintiff. After the chattel mortgage was given as stated, Bush sold portions of the mortgaged property and received in payment eight promissory notes, made payable to himself. Those notes were placed in a safe in the office of Bush, and were thus in his possession on the date last specified. At that time, two executions issued on judgments rendered against Bush were placed in the hands of the defendant, as sheriff, for service, and he

served them on the same day, by levying upon a quantity of agricultural implements and other articles, including property described in his return as "one Hall's safe, and contents, being notes and money and books, seven sets of oscillating bobsleds." On the next day the defendant released all the property he had levied upon, excepting the safe, the notes, and money contained therein, and the bobsleds, and at a later time, he released the safe. The plaintiff claims that the eight notes to which we have referred were taken under an agreement between the plaintiff and Bush, that they were to be held in trust in lieu of the mortgaged property for which they were given, that the bobsleds, were covered by the mortgage, and that the defendant knew these facts when the levies were made. The plaintiff asks that he be decreed to have an equity in and lien upon the eight notes and the bobsleds, superior to the rights of the defendant under the executions, that the defendant be required to surrender the property, and that it be applied in the satisfaction of the debts due the plaintiff. The defendant admits the taking of the property as stated, but denies that he had any knowledge of the alleged rights of the plaintiff thereto when the levies were made, and avers that the plaintiff, by permitting Bush to deal with the mortgaged property as his own, and permitting him to use it for the payment of his debts to others, has waived his alleged right thereto. The district court found that the notes were held by Bush in trust for the plaintiff, and adjudged him to be entitled to recover them or their proceeds, and established a lien thereon in his favor, superior to the levies under the executions, and provided means of enforcing it. From that portion of the decree the defendant appeals. The court also found and adjudged that the record of the mortgage did not impart constructive notice to the defendant;

that the executions were levied by him upon the bobsleds without notice of the mortgage, and that he was entitled to hold them. From that part of the decree the plaintiff appeals.

I. It is claimed by the plaintiff that at the time the mortgage was executed, but after it was signed, it was verbally agreed between him and Bush that, when the latter sold property covered by the mortgage, he was to deliver the proceeds to the bank, to be applied on his debt to it. The defendant objects to evidence of that agreement, on the ground that the parties reduced their contract to writing, that the writing appears to be complete, and that it must be presumed to express fully the contract actually made. It is shown that, after the mortgage was given, Bush did, from time to time, turn over to the bank, notes which were taken on account of sales; and an agreement, independent of the mortgage, to turn over the proceeds of the mortgaged property when they aggregated a considerable amount, may, perhaps, be inferred from the established course of dealing of the parties, even though evidence of a verbal agreement to that effect, made at the time the mortgage was given, be incompetent. But, at most, it was an agreement which permitted Bush to sell the mortgaged property, and required him to account for its proceeds. The proceeds in question were in the form of promissory notes, which were not covered by the mortgage, and of which the defendant did not have notice until after he had taken the safe and its contents under the executions. The agreement upon which the plaintiff relies did not require that the property be sold, nor that the notes be taken in his name; and Bush retained possession and the apparent ownership of the proceeds of the sales until they were delivered to the bank, or to the plaintiff. The case, in principle, is much like that of *Smith v. Bank*, 99

Iowa, 282 (61 N. W. Rep. 378); Id., (68 N. W. Rep. 690). In that case the mortgagor of personal property was authorized to sell the property under an agreement which, it was claimed, required him to apply the proceeds in paying the mortgage debt; but it was held that such an agreement did not make the mortgagor the agent of the mortgagee for the sale of the property, nor impress the proceeds of the sale with the character of trust funds. What is thus said is applicable to the facts in this case. The most that can be said is that the mortgaged property was sold under an agreement on the part of the mortgagor that he would apply the proceeds of the sale on the mortgage debt, but that agreement was not performed. The case is not governed by the rule which controlled *Maxwell's Estate*, 83 Iowa, 591 (50 N. W. Rep. 56), and other cases cited by the appellee. When the sheriff levied upon the safe and its contents, the safe was locked, and he was unable, at the time, to take possession and make an inventory of the contents. That fact did not defeat the levy, however. The contents of the safe, including the notes in suit, were in the possession of the sheriff, through his possession of the receptacle in which they were stored. It is proper to add that when the levy was made the defendant did not have any knowledge of the claims of the plaintiff to the notes. We conclude that the defendant obtained a valid lien upon the notes, by means of the levies made, superior to any interest therein which the plaintiff may have, and that the decree of the district court with respect to them is erroneous.

II. The notary public who took and certified the acknowledgment of the mortgage in question was, at the time, a stockholder of the First National Bank of Mason City. It will be observed from the statement of facts we have made, that the bank was one of

the beneficiaries of the undertaking of Bush which the mortgage was designed to secure. It is the rule in this state that a person having a beneficial interest in an instrument as grantee or obligee is disqualified to take and certify an acknowledgment of it. It was held in *Wilson v. Traer*, 20 Iowa, 231, that a notary public cannot take an acknowledgment of a chattel mortgage given to a co-partnership of which he is a member. That rule was followed in *Bank v. Radtke*, 87 Iowa, 365 (54 N. W. Rep. 435). And see 1 Am. & Eng. Enc. Law (2d Ed.) 493, and note. The owner of capital stock of a private corporation has an interest in its property, and in the securing and collecting of money which is due to it. *Bank v. Owen*, 52 Iowa, 107 (2 N. W. Rep. 980). See, also, Mechem, Pub. Off., section 517; Cooley, Const. Lim., 506; Elliott, Gen. Pract., sections 210–212. We conclude, therefore, that the acknowledgment of the mortgage in question was void because taken by a stockholder of one of the beneficiaries, the payee of the notes in suit, and that the record of it did not impart constructive notice to the defendant. It is not shown, or claimed, that he had actual notice of it when the levies were made; hence, the lien acquired under the executions is superior to that which the plaintiff holds under the mortgage. It is urged that before the defendant had made a valid levy upon any of the property in question, he was informed of the rights of the plaintiff, but we do not think the evidence sustains the claim. It follows, from what we have said, that so much of the judgment of the district court as is involved in the appeal of the defendant is reversed, and so much of it as is involved in the appeal of the plaintiff is AFFIRMED.