CITIZEN'S STATE BANK OF OAKLAND, Appellant, v. WM. H. SMITH, ET AL.

**Chattel mortgages:** PRIORITY OF LIENS.  A bank loaning money on mortgage security to be paid on an existing mortgage covering the same property, cannot have its mortgage declared superior to the lien of the prior mortgage for the unpaid portion, without showing that the conduct of the parties was such as to lead it to believe that it was acquiring a first lien.

**Agency.**  The unauthorized representations of a mortgagor in securing another loan on the same property, will not bind his mortgagee.

*Appeal from Dallas District Court.*— HON. A. W. WILKINSON, Judge.

THURSDAY, OCTOBER 27, 1904.

SUIT in equity to foreclose chattel mortgages given to the plaintiff by the defendant Smith on the 24th day of June, 1901, to secure notes of the same date, aggregating more than $9,000, and upon which it was alleged there was still due the sum of $4,650. The Citizens' State Bank of Perry was made a defendant, and filed a cross-petition alleging that Smith was indebted to it in the sum of about $3,500, and that such indebtedness was secured by chattel mortgages on some of the same property executed by him on the 4th day of January, 1901, and the 8th day of March, 1901, respectively, and asking for a foreclosure of said mortgages. There was a trial, and a judgment for the Citizens' State Bank of Perry, from which the plaintiff appeals.— *Affirmed.*

*Shortley & Harpel,* for appellant.

*Cardell & Fahey,* for appellee, Citizens' State Bank of Perry.

SHERWIN, J.— The defendant Smith was a feeder of and a dealer in live stock on quite an extensive scale, and for some time before the 24th of June, 1901, had been a customer of the Citizens' State Bank of Perry, it having furnished him the money for handling his business. At that time he owed said bank as follows: A note of $5,500, dated December 12, 1900; one of $2,435.56, dated January 4, 1901; and another of $1,100, dated November 8, 1901 — all of which notes were secured by chattel mortgages on Smith's personal property. Smith also owed the bank other sums of money represented by unsecured notes. On the 31st of May, 1901, Smith contracted to sell some of the cattle upon which the Perry bank had a mortgage, which sale was assented to by said bank upon condition that the

proceeds thereof be paid to them upon Smith's indebtedness. This sale was never consummated, however. On the 24th of June, 1901, the plaintiff loaned to Smith $9,400, and took his note therefor, secured by the chattel mortgages heretofore referred to. He told the plaintiff's officers at the time that he owed the Perry bank about $5,000, and he was given a draft for $5,000, drawn payable to said bank, for the purpose of paying said debt. On June 25th he gave the Perry bank the $5,000 draft and his individual check on the plaintiff for $1,782.61, and took up his December note of $5,500 and an unsecured note of $1,500, and the mortgage securing the former was surrendered and duly released on the records. In addition to these two amounts, the plaintiff furnished $400, which was also paid to the Perry bank. The mortgages which the Citizens' State Bank asked to have foreclosed covered property which was not included in the mortgage securing the $5,500 note. The aggregate sum paid to the defendant bank from the funds furnished Smith by the plaintiff was $7,182.61. As we have already seen, a part of this sum took up the $5,500 note and mortgage, and the balance thereof was applied by the district court on the notes secured by the mortgages which the defendant bank asked to have foreclosed herein. Smith did not sell the property involved herein to the plaintiff; hence no question is here presented as to the relative rights of the parties had a sale been made.

The defendant's mortgages were all recorded, and gave constructive notice to the plaintiff of the defendant bank's lien upon the property; and when the plaintiff made its loan to Smith thereon it acquired no right to have its mortgages declared superior to those of the defendant bank, unless it can be said that the conduct of the defendant in regard to the transaction was such as to lead the plaintiff to part with its funds believing it was receiving a first mortgage on the property, and the burden is upon the plaintiff to show this. No fraud on the

1. PRIORITY OF LIENS.

part of the defendant is alleged or claimed, and, indeed, the weight of the evidence does not even show that the defendant had any knowledge that Smith was about to or had executed a mortgage to the plaintiff until some time after it had been done and the payments made to it by Smith. ·

True it is that the defendant was advised that Smith either had funds on deposit or credit with the plaintiff, but this fact alone would not require it to investigate the matter or to return the money paid to it by Smith in discharge of his legal obligations, when it was discovered that he had deceived the plaintiff. Smith was in no wise the agent of the defendant, or acting for it, and his representations to the plaintiff could not bind the defendant. *Smith v. Crawford County Bank,* 99 Iowa, 282; *Smith v. Clark,* 100 Iowa, 605. And the fact that it accepted from him money which was justly due it created no equities in favor of the plaintiff. The money which the defendant bank has received has all been applied upon Smith's mortgage indebtedness to it. No wrong has been done the plaintiff by this, because such payment has released at least a part of the property upon which it held a mortgage, and has materially reduced the defendant's lien on the remainder. The defendant bank is not claiming more than it is entitled to. The mortgages which it now seeks to foreclose secure valid unpaid notes, and it has done no act which should in equity postpone its lien to that of the plaintiff.

2. AGENCY.

The judgment is therefore *affirmed.*