(March 8, 1918.)

J. J. FOLEN, Respondent, v. C. E. SAXTON, A. H. LANG, as Coroner, JOHN STRODE and J. H. MURRAY, Appellants.

[171 Pac. 669.]

CHATTEL MORTGAGES—CONSENT OF MORTGAGOR TO SALE OF MORTGAGED CHATTELS—AGENCY—CLAIM AND DELIVERY—EVIDENCE—LIABILITY ON UNDERTAKING—ATTORNEY'S FEES.

1. Authorization given by a mortgagee to a mortgagor to sell mortgaged chattels and apply the proceeds on the indebtedness does not create such a relation of principal and agent between the parties as will charge the former with a payment not received by him, but made to the latter, as part of the purchase price upon an attempted sale thereof, which was never consummated, where the party who made the payment dealt with the mortgagor as principal and without knowledge of the mortgagee's consent or of the conditions upon which it was predicated.

2. In an action on a claim and delivery bond, the affidavit made by the plaintiff in the original proceeding, stating the value of the property taken, may be admitted in evidence as tending to prove that fact.

3. Sureties on a claim and delivery bond are liable, above the value of the property taken, but within the penalty thereof, for the costs incurred in the original action.

4. An attorney's fee in a stated amount, stipulated for in a chattel mortgage to become due upon foreclosure, becomes part' of the debt secured thereby, upon the commencement of foreclosure proceedings, and may be recovered by a mortgagee in a suit upon a claim and delivery bond given to procure possession of the mortgaged chattels from the sheriff after foreclosure proceedings were commenced.

[As to allowing the mortgagor to retain possession and sell mortgaged chattels, see note in 15 Am. St. 912.]

APPEAL from the District Court of the Seventh Judicial District, for Canyon County. Hon. Ed. L. Bryan, Judge.

Action on claim and delivery bond. Judgment for plaintiff. *Affirmed.*

G. W. Lamson, for Appellants.

The amount plaintiff in claim and delivery may recover in case redelivery cannot be had is the market value of the property when the taking occurred or the wrongful detention began. (*Osmers v. Furey,* 32 Mont. 581, 81 Pac. 345.)

The measure of damages in a suit on replevin bond is the value of the property if it cannot be returned. (34 Cyc. 1582; *Mitchum v. Stanton,* 49 Cal. 302.)

In an action of replevin, where the verdict is in favor of the defendant, whose ownership is special by reason of a chattel mortgage or other lien, the measure of his damages, in case a return cannot be had, is the amount due him upon his lien if within the value of the property. (Cobbey on Replevin, 540.)

The value stated in the replevin affidavit in the writ of replevin or in the replevin bond is *prima facie* evidence of value of the property, and in the absence of any evidence to the contrary, is sufficient, but such statements are not conclusive evidence of the value of the property. (34 Cyc. 1605.)

Since a replevin bond is one of indemnity only, defendant in an action on the bond is entitled to show the value of the property replevied and that plaintiff has received the value

of the property replevied.    (34 Cyc. 1604; *Vinton v. Mansfield,* 48 Conn. 474.)

R. B. Scatterday and Chas. F. Koelsch, for Respondent.

Sureties on a claim and delivery bond are, within the penalty of the bond, liable over and above the value of the property taken, for the costs incurred in the original action. (*Carlon v. Dixon,* 14 Or. 293, 12 Pac. 394; *Mitchum v. Stanton,* 49 Cal. 302.)

The appellant Saxton, in his complaint in the claim and delivery action and in his affidavit in the same action, sets forth the actual value of the property taken as $800. This estops a plaintiff in a replevin action from denying the value of the property to be as so set forth. (*Capital Lumbering Co. v. Learned,* 36 Or. 544, 78 Am. St. 792, 59 Pac. 454; *Washington Ice Co. v. Webster,* 125 U. S. 426, 8 Sup. Ct. 947, 31 L. ed. 799, 805; *Swift v. Barnes,* 16 Pick. (Mass.) 194; *Huggeford v. Ford,* 11 Pick. (Mass.) 223; *Park v. Robinson,* 15 S. D. 551, 91 N. W. 344; *Weyhaeuser v. Foster,* 60 Minn. 223, 61 N. W. 1129; *Butts v. Woods,* 4 N. M. 343, 16 Pac. 617; *Cyclone Steam Snow Plow Co. v. Vulcan Iron Works,* 52 Fed. 920, 3 C. C. A. 352; *Vulcan Iron Works v. Cyclone Steam Snow Plow Co.,* 48 Fed. 652.)

MORGAN, J.—Most of the facts necessary to an understanding of this case will be found in *Saxton v. Breshears,* 21 Ida. 333, 121 Pac. 567, which was an action in claim and delivery, brought by Saxton, appellant herein, to recover possession of a quantity of hay held by the sheriff of Canyon county under foreclosure proceedings instituted by the above-named respondent upon two chattel mortgages. The judgment rendered in that action against Saxton for the return of the hay, or for the value thereof, with costs, remaining unsatisfied, respondent commenced this action against the appellants Saxton, Lang, as coroner, and Strode and Murray who are sureties on the claim and delivery bond, to recover an amount equal to the balance due on respondent's notes, payment of which had been secured by the mortgages, to-

gether with costs on appeal paid in the claim and delivery action. Trial was had before the court without a jury. This appeal is from a judgment for plaintiff and from an order denying a motion for a new trial.

The trial court found that Saxton failed to return the hay or to pay any part of the value thereof to respondent, except $372.50, which was paid on May 1, 1909. This finding is assigned as error in that, it is contended, appellants are entitled to an additional credit of the $100 mentioned in *Saxton v. Breshears, supra,* the sum paid to Norton, the mortgagor, as part of the purchase price of the hay upon an attempted sale thereof to Saxton which was never consummated. This $100 was never turned over to respondent, and it does not appear that when Saxton paid it he understood Norton was acting in the capacity of agent for the mortgagee, but, we must assume from the evidence, he dealt with him as principal, not knowing of, nor relying upon, the consent of respondent that the property be sold. The authorization given by respondent to Norton to sell the hay and apply the proceeds on the indebtedness, payment of which was secured by mortgages thereon, did not, under these circumstances, create such a relation of principal and agent between them as to entitle the former to the money (5 R. C. L. 444, sec. 79; *Maier v. Freeman,* 112 Cal. 8, 53 Am. St. 151, 44 Pac. 357; *Smith v. Crawford County St. Bank,* 99 Iowa, 282, 61 N. W. 378, 68 N. W. 690; *Minneapolis Threshing Machine Co. v. Calhoun,* 37 S. D. 542, 159 N. W. 127; *White Mt. Bank v. West,* 46 Me. 15; *Smith v. Clark,* 100 Iowa, 605, 69 N. W. 1011; *Carr v. Brawley,* 34 Okl. 500, 125 Pac. 1131, 43 L. R. A., N. S., 302), nor charge him with a payment which he did not receive, but which was made to the latter. (*Schaeffer v. Mutual Benefit L. Ins. Co.,* 38 Mont. 459, 100 Pac. 225; *Jackson v. Badger,* 35 Minn. 52, 26 N. W. 908; *Pancoast v. Dinsmore,* 105 Me. 471, 134 Am. St. 582, 75 Atl. 43.)

Appellants contend that the finding that Saxton took 100 tons of hay is not supported by the evidence. An examination of the record discloses that he took but 90 tons. Objection is also made to the finding that the total value of the

property, at the time it was taken, was $800, appellants assuming it to mean a value of $8 per ton. It was evidently so intended. The claim and delivery affidavit, made by Saxton, was properly admitted as evidence of the value of the hay (*Capital Lumbering Co. v. Learned,* 36 Or. 544, 78 Am. St. 792, 59 Pac. 454), and the statements therein contained, together with other evidence admitted upon that point, are sufficient to support a finding to the effect that it was worth $8 per ton. The erroneous finding to the effect that 100 tons, of a total value of $800, were taken is harmless, since the 90 tons taken, at $8 per ton, after deducting the proper credit, amounted to more than the sum of principal, interest and attorney's fee secured by respondent's mortgages.

This court said in *Blackfoot Stock Co. v. Delamue,* 3 Ida. 291, 29 Pac. 97: "In an action of replevin, where the verdict is in favor of the defendant, whose ownership is special, by reason of a chattel mortgage or other lien, the measure of his damages in case a return cannot be had is the amount due upon his lien if within the value of the property."

Appellants insist that if the value was $8 per ton at the time of taking, the evidence shows Saxton increased it from $5 per ton to that amount by baling the hay, and that its value before it was baled should be the basis for determining their liability. In support of this contention they cite sec. 3446, Rev. Codes, which is, in part, as follows: "Every person who, while lawfully in possession of an article of personal property, renders any service to the owner thereof, by labor, or skill, employed for the protection, improvement, safekeeping, or carriage thereof, has a special lien thereon, dependent on possession, for the compensation, if any, which is due him from the owner, for such service."

At the time the hay was baled it was the property of, and in the possession of, Norton, subject to respondent's mortgages (*Saxton v. Breshears, supra*), and any compensation due to Saxton for baling it was due from Norton, not from respondent.

Appellants object to the inclusion in the judgment of $69.50 allowed as costs against Saxton on appeal in the claim

and delivery action. The rule is that in an action on a claim and delivery bond, the sureties are, above the value of the property taken, but within the penalty of the bond, liable for costs incurred in the original action. (*Carlon v. Dixon,* 14 Or. 293, 12 Pac. 394.)

Objection is also made to the attorney's fees, upon fore-closure, included in the judgment, which were stipulated for in the mortgages. Such fees become part of the secured indebtedness, upon the commencement of foreclosure proceedings, and were properly included. (*De Costa v. Comfort,* 80 Cal. 507, 22 Pac. 218; Jones on Chattel Mortgages, sec. 448.)

We find no prejudicial error in the record. The judgment and order appealed from are affirmed. Costs are awarded to respondent.

Budge, C. J., and Rice, J., concur.