## STEPHEN v STATE

Ohio Appeals, 7th Dist, Monroe Co

Decided May 1, 1934

T. J. Kremer, Woodsfield, for plaintiff in error.

Chas. W. Lynch, Pros. Atty., Woodsfield, and W. B. Moore, Woodsfield, for defendant in error.

## OPINION

By FARR, J.

It does not appear of record, that any inquiry was made by either side before the trial court lastly inquired of the jurymen, yet on page 8 of the record, it appears that the defendant below renewed his objection to the jury, who were members of the Association, and which will indicate that the statement had been made by the defendant below as to the prosecuting attorney and challenge made. However, the objections on pages 8 and 9 of the record, raise the question sufficiently; without extended discussion as to the right of the members of the Insurance Association to sit in this case. It is sufficient to say, that the trial court should have sustained the challenge for cause, for the reason, that being insured in the Insurance Company, they undoubtedly became members of the same, and subject to the Constitution and By-Laws of the organization, and they would be assessed for each occurring loss and therefore, could well be said to have a personal interest in the outcome of the controversy. The challenge or challenges should therefore, have been sustained.

The next assignment for error is, that the defendant had been placed in jeopardy, when the first jury was sworn.

It is a well settled principle of law in this and many other jurisdictions, that an accused cannot be twice placed in jeopardy for the same offense. **Article 1, Bill of Rights**, §10, deals with the subject of former jeopardy, and provides:—

"No person shall twice be placed in jeopardy for the same offense."

· And this has been a part ·of the organic law of this state from its beginning. Therefore,· the real question here is, whether or not there was a second or double jeopardy in this case.

It will be recalled, that the first jury was sworn, and that the second jury was also sworn, therefore, the important issue is, whether or not the swearing of the first jury constituted "jeopardy," and in this behalf attention is called to the case of **Mount v The State of Ohio**, 14 O. 295, wherein the first proposition of the syllabi provides:

"After the jury is empaneled and sworn, if a nolle prosequi be entered by the prosecuting attorney, with leave of the court,

and without the consent of the prisoner, it is a good bar to another indictmnet for the same crime."

Other Ohio cases reflecting somewhat upon this proposition are—

3 Oh St 229.
12 Oh St 214.
15 Oh St 155.

Likewise it is observed in 8 R.C.L. page 138, §120:

"A person is in legal jeopardy when he is put on trial, before a court of competent jurisdiction, on an indictment or information which is sufficient in form and substance to sustain a conviction, and a jury has been charged with his deliverance, and a jury is said to be thus charged when, it is empaneled and sworn."

Reflecting upon this proposition is the case of State of Maine v Slerch, 4th A.L.R. 1256, and at page 1260 it is observed as follows:

"Practically all authorities, with but few exceptions, agree that jeopardy begins when a respondent is put on trial before a court of competent jurisdiction, upon an indictment sufficient in form and substance to sustain a conviction, and the jury has been charged with his deliverance. The jury is said to be charged with his deliverance when they have been empaneled and sworn. Cooley, Const. Lim. 6th ed., p. 399; Bishop, New Crim. Law, 1014, 1015."

Another case of interest in this connection is Green v State of Tennessee, 28 A. L.R. 842, in note 5:

"One is in 'jeopardy' within the meaning of a constitutional provision against double jeopardy, whenever he is put to trial in a court of competent jurisdiction with a valid indictment and a plea thereto, and a jury sworn upon an issue to make deliverance and charged with the deliverance of accused, who has been placed in their hands for trial."

From the foregoing it is readily apparent, that when the first jury was sworn, that the same constituted jeopardy, and when the second jury was sworn, it constituted double jeopardy, and it must be so found in this case.

However, it should be observed now and here, that only the utmost spirit and fairness was manifest upon the part of the prosecuting attorney and the trial court.

·And it is worthy of note, that the accused in this case, if guilty, has been fairly well punished, in that he has already been confined for almost· a year, in the Monroe County jail.

The fourth ground of error is, that the conviction is against the weight of the evidence to the degree required by law, and it may be observed, that this court would not be inclined to disturb the verdict and judgment on the weight of the evidence, nor is it found that there is reversible error in the admission of testimony.

Nor is there any other reversible error apparent in the case. It is not believed that further discussion would be profitable or necessary. However, for the reasons given, the judgment is reversed. Final judgment will be entered in behalf of the plaintiff in error, and the prisoner is ordered discharged.

ROBERTS and LYNCH, JJ, concur in the judgment.