## SUPREME COURT.

THE WISCONSIN MARINE AND FIRE INSURANCE COMPANY BANK, respondents agt. JOHN HOBBS, appellant

An *undertaking* under § 209 of the Code, given by a *non-resident* plaintiff in commencing an action for the claim and delivery of personal property, is a substantial compliance with the Revised Statutes in relation to *a bond for security for costs,* required of non-resident plaintiffs.[*]

In such an action the defendant waives an objection to the sufficiency of the plaintiff's *affidavit* upon which the property is taken, by giving an undertaking and obtaining a re-delivery of the property to himself.

*New York General Term, March,* 1862.

STATEMENT of facts by appellant: The plaintiffs are a foreign corporation, created under and by virtue of the laws of the state of Wisconsin.

---

[*] Suppose a *non-resident* plaintiff should commence an action which did not require an undertaking of any description to be given under the Code, and should give an undertaking under the provisions of the Code conditioned "for the payment to him (the defendant) of such sum as may for any cause be recovered against the plaintiff," which is the only part of the condition of the undertaking required by § 209 which can apply to security for costs under the statute—would such an undertaking be considered a substantial compliance with the statute in relation to the bond for costs, and consequently a release of the plaintiff's attorney from liability for costs? If so, the case of *Barnard* agt. *Viele,* (21 *Wend.,* 88.) would seem to have been incorrectly decided. In that case it was held that a bail bond must be conditioned *in the terms prescribed* by the Revised Statutes, or it would be *void;* and a bond in the *form used under another statute is a nullity.*—REP.

This was an action of replevin, commenced on the 15th day of January, 1861, to recover possession of six hundred barrels of flour, which the plaintiffs claimed by virtue of a special property therein. The plaintiffs filed no security for costs before the commencement of the action, but delivered to the sheriff at the time he took the flour from the defendant's possession, an undertaking pursuant to section 209 of the Code. They also delivered to the sheriff an affidavit of F. Randall, upon which the sheriff took the flour.

The defendant moved to set aside all the plaintiff's proceedings in this action, on the ground, among others, that the plaintiffs had not filed security for costs as required by the statute.

IRA D. WARNER, *for appellant.*

On the argument, the plaintiffs, in opposition to the defendant's motion, read the affidavit of Mitchell, mentioned in the case ; the court gave them no leave to do so, and this affidavit was not considered on the argument. The defendant's motion was denied, with ten dollars costs, for the reasons mentioned in the opinion of his honor Judge LEONARD, only two of which I propose to consider, viz :

1st. That the undertaking delivered to the sheriff was a substantial compliance with the statute requiring a foreign corporation to give security for costs.

2d. And that although the affidavit delivered to the sheriff showed no title to the property in the plaintiffs, yet the defendant had waived his right to set it aside.

I. The plaintiffs were irregular in commencing this action before filing security for costs. (*Bank of Michigan* agt. *Jessup,* 19 *Wend.,* 11 ; 2 *R. S.,* 4th ed., 698.)

The language of the statute is : " A foreign corporation created by the laws of any other state or country, may, upon giving security for the payment of the costs of suit, prosecute in the courts of this state, in the same manner as

corporations created under the laws of this state." (2 *R. S.*, 4th *ed.*, 698, § 1.)  " Such security shall be given in the form of a bond, in a penalty of at least $250, with one or more sufficient sureties to the defendant, conditioned to pay, on demand, all costs which may be awarded to the defendant in such suit." (*Id.*, 822, § 4.)  " It shall be filed with the clerk of the court, and notice thereof given to the defendant or his attorney." (*Id.*, § 5.)

The statute provides that any plaintiff, not residing within the jurisdiction of the court, shall give security for costs in this form, whether they are corporations or not. (*Id.* 821, §1, *sub.* 1.)

There can be no pretence, therefore, that the security for costs, required of a foreign corporation, is any other or different from that required of any other non-resident plaintiff.

We say, therefore, that the undertaking delivered to the sheriff on the replevin proceedings, is not a substantial compliance with this statute requiring security for costs, for the following reasons, viz : 1st.   An undertaking is not a bond.  (*Langley* agt. *Warner*, 1 *Comst.*, 606.)   2d. It is not under seal, and does not bind the heirs, executors, &c. of the obligor.   3d. It is not conditional to pay costs on demand.   (*Talmadge* agt. *Wallis*, (1 *How. Pr. R.*, 100.) 4th. It is not conditioned to pay costs at all, but is " for such sum as may be recovered," &c.   (*Langley* agt. *Warner*, 1 *Comst.*, 606 ; *Barnard* agt. *Viele.* 21 *Wend.*, 88.)   5th. It is never filed with the clerk, but is delivered to and retained by the sheriff.

Suppose, in the case before the court, the defendant, instead of making this motion, had made a motion to compel the plaintiff to file security for costs, and the court had thereupon ordered the plaintiffs to file security for costs ; and the plaintiffs had thereupon delivered this undertaking to the sheriff, could any one suppose such a proceeding on

the part of the plaintiffs to be a substantial compliance with the statute or with the order of the court ?

Even if they had filed this undertaking, differing as it does in every respect from the bond required by the statute, could any one pretend that it would be a substantial compliance with the statute ? We say, no.

The right of the defendant to have a bond for costs filed, as required by the statute, by a non-resident plaintiff, is absolutely independent of any undertaking or security he may have given for other purposes, and some of the judges of this court have so held.

In the case of *Warner* agt. *Morrison*, in this court, (which is not reported,) the plaintiff, a non-resident, commenced his action by an order of arrest, &c., and filed an undertaking conditioned to pay all costs the defendant might recover. The defendant made a motion to compel the plaintiff, who was a non-resident, to file security for costs, and the court ordered him to do so, holding that the undertaking given on the arrest, although providing expressly for costs, was not sufficient to comply with the statute ; that the right of the defendant, the plaintiff being a non-resident, was absolute.

We say, therefore, the plaintiffs were irregular, and the summons, and everything founded on it, should be set aside, unless the plaintiffs file a proper bond and pay the costs.

II. The court below decided that the affidavit of Randall, upon which the sheriff took the flour from the defendant, did not show that the plaintiffs had any title to or property in the flour, which we believe to be correct. We say it is also defective in not stating the actual value of the property, and for the reason that they claim it by virtue a writing which is not set out in the affidavit. (*Depew* agt *Leal*, 2 *Abb.*, 131 ; *Powell* agt. *Kane*, 5 *Paige*, 265.)

The affidavit is clearly defective and insufficient in several particulars, not necessary to mention, and the court below so decided, but the court said : " It appears, how-

ever, that the defendant has given the requisite undertaking, and has obtained a re-delivery of the property in question, and the affidavit has therefore ceased to be of any materiality." In other words, that the defendant had waived his right to set aside this proceeding, because he re-took his property by the only means the law provided, expressly reserving the right in his notice of appearance, which was given for that purpose, and for the purpose of this motion alone.

It would be a very unreasonable application of the doctrine of waiver, to hold that although a man's property is taken on a proceeding illegal and unwarranted, yet he must allow his property to remain in the hands of the sheriff, and spoil, until he can make a motion to set aside the illegal proceeding, or else lose his right to set it aside, and thereby involve himself in a long and expensive litigation. The doctrine of waiver has never been carried as far as that.

In the case of *Hyde* agt. *Patterson*, (1 *Abb.*, 248,) the court held, that the defendant, by giving a general unconditional notice of appearance, had waived his right to set aside the affidavit for irregularity. The defendant gave no unconditional and no general notice of appearance in this case.

In the case of *Clumpha* agt. *Whiting*, (10 *Abb.*, 448,) the court held that it was no waiver of a motion to set aside a judgment for irregularity bacause the party in the meantime appealed from the judgment.

But this question is disposed of by the fact, that it nowhere appears, and did not in the court below, from the papers before the court, that the sheriff ever re-delivered this property, or any part thereof, to the defendant, and he could not therefore have waived any of his right to set aside these proceedings.

III. The order appealed from should be reversed, and the summons, affidavit and undertaking of the plaintiffs set

aside, unless the plaintiffs shall file security for costs, and a new and sufficient affidavit, and pay the costs of the motion and of this appeal.

ISAAC BRONSON, *for respondent.*

LEONARD, Justice.   I.  The undertaking given on the commencement of the action contains a provision which covers any judgment for costs which the defendant may obtain, and substantially complies with the statute in relation to the bond for costs in actions by foreign corporations.

II.  The sheriff certifies that he did serve a copy of the requisition for the property on the defendant, and there is no evidence to show that he did not do so.

III.  The plaintiff is not at liberty to deny, in an action on his undertaking to obtain the delivery of property, that he made the affidavit which is therein recited that he did make, although the affidavit be in fact made by another.

IV.  The statement in the affidavit that the money was advanced by Ferguson, plaintiffs' cashier, is not a statement that plaintiffs advanced the money,   A special title to the flour is shown to be in Ferguson, cashier, but not in the plaintiffs, as it should do.

It appears, however, that the defendant has given the requisite undertaking, and has obtained a re-delivery of the property in question to himself.

The affidavit has, therefore, now ceased to be of any materiality.

The summons is regular.   The plaintiffs can file their complaint if the defendant neglects to appear and take judgment, thereby becoming entitled to recover in an action, on the defendant's undertaking to obtain a re-delivery.   The summons cannot be set aside, or the action be terminated by reason of a defect in the affidavit to obtain the taking and delivery to the plaintiffs of personal property.

If the plaintiffs or the sheriff were in possession thereof, the court would be authorized to direct its return to the defendant for a defect in the affidavit, unless the court should consider it a proper case to permit an amendment of the plaintiffs' affidavit on terms.

The defendant having given an undertaking, and obtained a re-delivery of the flour, will be liable to an action thereon, unless he successfully defends this action.

The affidavit has ceased to be of any further consequence in this action. The defendant has the flour. His undertaking, therefore, has been given. The court cannot order that undertaking to be canceled, which the defendant has thought proper to deliver, to obtain the re-delivery of the flour. The time for the defendant to avail himself of any objection for a defect in the plaintiffs' affidavit has passed.

The defendant's motion is denied, with $10 costs of opposing.

Order affirmed at general term, March, 1862, without costs.