## Arthur L. Brabon and another v. Daniel Pierce.

*Replevin bond in justice's court: Appeal: Costs.* The condition of a replevin bond in justice's court is not satisfied by a return of the property, on a judgment in that court for defendant, and payment of the justice's costs, in a case where the plaintiff afterwards appeals, but it remains in force until the final disposition of the case, and it includes costs recovered by the defendant in the circuit on such appeal.

*Justice's courts: Replevin bond: Appeal bond: Cumulative remedy.* The appeal bond given by the plaintiff, on his appeal of a replevin suit in justice's court, is a cumulative remedy in favor of the defendant, but it does not supersede or take the place of the replevin bond given on the institution of the suit.

*Submitted on briefs April 12.     Decided April 18.*

Error to Allegan Circuit.

*Jacob V. Rogers,* for plaintiffs in error.

*Stafford & Tomlinson,* for defendant in error.

COOLEY, CH. J:

The action in the court below was debt upon a replevin bond given on the institution of a suit before a justice of the peace. The defendant succeeded in that suit and obtained a return of the property. The plaintiff appealed, paying to the justice the costs of the suit before him. In the circuit court the defendant again succeeded, obtaining a judgment for costs. It is to recover these costs that the present suit is brought.

The defendants in this suit in the court below insisted that when the property had been returned and the costs in the suit before the justice had been paid, the condition of the replevin bond had been performed, and that the further remedy of the defendant in the replevin suit must be found in enforcing the bond which the plaintiff was compelled to give in perfecting his appeal. We think this position un-

tenable. The condition of the replevin bond was, "that the plaintiff will prosecute the suit to effect, and that if the defendant recover judgment against him in the action he will return the same property, if return thereof be adjudged, and will pay the defendant all such sums of money as may be recovered by such defendant against him in the said action."—*Comp. L.*, § *6735*. Now it is manifest that the force of this condition is not spent when the case is disposed of in the justice's court. The plaintiff does not prosecute his suit to effect unless he finally recovers; and as the action after appeal is still the same action that was in the justice's court (*Dunn v. Sutliff, 1 Mich., 24*), the costs awarded by the circuit court are clearly within the condition.—*Bennett v. Brown, 20 N. Y., 99; Robinson v. Plimpton, 25 N. Y., 484*. The appeal bond or recognizance, when the plaintiff appeals, gives the defendant a cumulative remedy, but not in all cases an adequate remedy. The penalty under the statute where no recovery of damages had been had before the justice, might be fifty dollars only.—*Comp. L. 1871*, § *5433*. And this would be wholly inadequate in a case of replevin, in which, exclusive of costs, the recovery might much exceed that sum.

This is the only error assigned on this record which we deem it important to examine in this opinion. Several are assigned without the facts being sufficiently stated to enable us to pass upon them; all the others are manifestly untenable.

The judgment must be affirmed, with costs.

The other Justices concurred.