(38 Misc. Rep. 542.)

### JOHN CHURCH CO. v. DORSEY et al.

(Supreme Court, Special Term, Erie County. August, 1902.)

1. REPLEVIN—BOND BY DEFENDANT.

Where, in replevin, defendant, in order to retain the chattels, gives an undertaking conditioned for the payment to the plaintiff of such sum "as may for any cause be recovered" against the defendant, it covers the plaintiff's costs in the action.

Action by the John Church Company against Upton L. Dorsey and Hezekiah Allen. Judgment for plaintiff, and defendants appeal. Affirmed.

E. C. Robbins, for appellants.
Henry A. Bull, for respondent.

KENEFICK, J. The respondent heretofore instituted an action in this court against one Davis to recover a piano, and caused the same to be replevied by the sheriff. Davis reclaimed the chattel, pursuant to section 1704 of the Code of Civil Procedure, giving an undertaking pursuant to said section. A trial was had resulting in a judgment awarding to the plaintiff in that action the possession of the chattel, and also the sum of $192.50, the sum fixed as the value thereof in the event that possession of the chattel was not delivered to the plaintiff, and the further sum of $100.28, the costs of the action. An execution was issued on said judgment, and was returned satisfied as to the delivery of possession of the chattel, but unsatisfied as to costs. Thereupon the respondent brought this action against the sureties on the undertaking given by Davis, to recover the costs awarded in the replevin action, and obtained a judgment therefor.

The interesting question presented by this appeal is whether an undertaking given by a defendant upon reclaiming a chattel covers the costs which may be awarded to the plaintiff in the action. The condition of the undertaking, as prescribed by the Code (section 1704) is "for the delivery thereof [the chattel] to the plaintiff if delivery thereof is adjudged, or if the action abates in consequence of the defendant's death; and for the payment to him of any sum, which the judgment awards against the defendant." The claim of the appellants is that the last clause of the provision above quoted is limited to the sum fixed as the value of the chattel, and to the damages which may be awarded for detention and injury or depreciation, and does not include the costs of the action. A review of the legislation in this state regulating the procedure in replevin will aid in the solution of the question presented. The first act on the subject was enacted in 1788 (1 Rev. Laws, p. 91). Section 4 of that act provided that the undertaking to be given by the plaintiff should be conditioned "to prosecute the suit and to return the same beasts, goods or chattels if return thereof shall be adjudged." It will be observed that the condition of this undertaking was limited strictly to a return of the chattel. Under this act there was no provision for the defendant reclaiming the chattel, and, indeed, this right was not given to the defendant until the enactment of the Code of Procedure in 1848. In the revision of the statutes in 1828 the follow-

77 N.Y.S.—67½

ing provision was made as to the undertaking to be given by the plaintiff, viz.:

"Such bond shall be conditioned that the plaintiff will prosecute the suit to effect and without delay and that if defendant recover judgment against him in the action he will return the same property if return thereof be adjudged and will pay to the defendant all such sums of money as may be recovered against him by such defendant in the said action for any cause whatever." 2 Rev. St. (2d Ed.) p. 431, § 7, subd. 2.

Sections 64 and 65, 2 Rev. St. (2d Ed.) p. 439, expressly provide that in an action on the bond the defendant could recover "the value of the property replevied and the monies, damages and costs awarded to such defendant as the case may be." In the notes of the revisers (3 Rev. St. [2d Ed.] p. 769) this explanation is given of subdivision 2, section 7, above quoted:

"The condition of the bond is also considerably extended so as to make it a security not only for the return of the goods, but for damages and costs and also for the value of the goods or the amount of rent in arrear where the defendant elects to take judgment in that way under the provisions contained in a subsequent part of the title. This extension of the bond is considered perfectly just as the damages and costs may often much exceed the value of the property."

The Code of Procedure made no substantial change in the conditions of the plaintiff's undertaking, although the language is altered so as to read:

"For the prosecution of the action, for the return of the property to the defendant if return thereof be adjudged and for the payment to him of such sum as may for any cause be recovered against the plaintiff." 3 Rev. St. (3d Ed.) p. 748, § 184.

As above stated, this Code made the first provision for the reclaiming of a chattel by the defendant upon his giving an undertaking. 3 Rev. St. (3d Ed.) p. 748, §§ 186, 187. The condition of the defendant's undertaking was "for the delivery thereof [the chattel] to the plaintiff if such delivery be adjudged and for the payment to him of such sum as may for any cause be recovered against the defendant." Section 186. The commissioners on practice in their notes (3 Rev. St. [3d Ed.] p. 853), in commenting on the above provisions, say:

"The most material change which will be observed is in sections 186, 187, which provide a means for the defendant's retaining the property on giving an undertaking equal to that which the plaintiff has given. This seems but just. The defendant, being in possession, is presumed to be rightfully so until the contrary is proved; and if he is willing to give as good security as the plaintiff, he should be allowed to retain the property during the litigation."

The provisions of the Code of Procedure above quoted (renumbered as sections 209 and 211) and sections 64 and 65 of the Revised Statutes of 1828, above referred to, remained in force, in form and substance, until the adoption of the present Code of Civil Procedure. A plaintiff's bond given under these provisions was held to cover the costs of the action (Bank v. Hobbs, 22 How. Prac. 494); and also to cover the costs of an appeal to the general term from the judgment in the replevin action (Tibbles v. O'Connor, 28 Barb. 538). In other jurisdictions a plaintiff's bond in replevin, conditioned in the same language

as section 209 of the Code of Procedure, is held to include the costs. of the action. Rhodes v. Burkhart, 28 S. C. 154, 5 S. E. 347; Katz v. Trust Co. (Minn.) 90 N. W. 376.

Without the aid of judicial interpretation, the plain import of the language of the sections of the Code of Procedure permits of no other construction. Sections 1699 and 1704 of the present Code are substituted for sections 209 and 211 of the old Code, while sections 64 and 65 of the Revised Statutes of 1828, in so far as they prescribe what could be recovered on the plaintiff's bond, have been repealed. Laws 1880, c. 245. Under the Code of Procedure, as under the present Code, the bond of the defendant was couched in the same language as that of the plaintiff, in so far as it relates to the payment of money.

We are thus brought to the question whether the language of the present sections (1699 and 1704), "for the payment to him of any sum which the judgment awards," is as effective in covering the costs of the action as that used in the sections of the old Code, viz. "for the payment of such sum as may for any cause be recovered." I confess I can discover no difference in the legal import of this language, and the omission of the revisers to note any intention to effect any change is significant. Throop's Code, notes to sections 1699, 1704. There is no peculiar significance in the use of the word "award" instead of the word "recovered." Throughout the chapter (21) of the present Code regulating the subject of costs the former word is invariably used. The undertaking in the case at bar is conditioned in the language of section 211 of the Code of Procedure, but, as the legal effect of that language is the same as that used in the present section (1704), I am of the opinion that the appellants cannot escape liability for the failure to use the precise phraseology of the present statute. Judgment is affirmed, with costs.

Judgment affirmed, with costs.