DACKICH, Respondent, v. BARICH et al., Appellants.

(No. 2,546.)

(Submitted October 9, 1908. Decided November 5, 1908.)

[97 Pac. 931.]

*Attachment—Release—Action on Undertaking—Complaint—
Liability of Sureties—Estoppel—Instructions.*

Attachment—Release—Action on Undertaking—General Verdict—Effect.
    1.  In an action to recover on an undertaking given to secure the release of an attachment on personal property, where the only question of fact to be decided was whether the undertaking sued upon was the identical one executed by the defendant sureties, or whether interlineations had been made after execution, the jury, by rendering a general verdict, found that it was the original instrument.

Appeal—Review—Matters not Necessary to Decision.
    2.  Where a motion to make a complaint more definite was properly overruled, the objection made on appeal, that the supreme court could not consider the motion because the ruling thereon was not preserved in the record by a bill of exceptions, becomes immaterial and need not be considered.

Attachment—Release—Action on Undertaking—Complaint—Sufficiency.
    3.  The complaint in an action on an undertaking for the release of personal property from attachment, alleged, substantially, that plaintiff had an attachment issued against the property of one M., and a levy was made thereon; that afterward M. and defendants executed an undertaking (copied into the complaint), by which M., as principal, and defendants as sureties, were held jointly and severally bound to plaintiff and the attaching officer to pay a certain sum in consideration of the release of the attached property (the procuring of the attachment on which being recited in the undertaking), the obligation to be void if M. should pay any judgment recovered against him by plaintiff; that the attachment was discharged, and the property released upon the delivery of the undertaking duly approved and filed; and that thereafter plaintiff recovered judgment against M. in a certain sum and an execution therefor was returned unsatisfied, which judgment defendants have refused to pay. *Held,* that the pleading was sufficiently definite and certain to enable defendants to understand what the alleged cause of action was, and to intelligently answer the same and prepare their defense.

Same—Action on Undertaking—Complaint—Designation of Instrument—Immateriality.
    4.  Where a copy of the instrument declared upon was attached to the complaint, it was immaterial by what name it was designated in that pleading.

Same—Release—Undertaking—Construction—Liability of Sureties.
    5.  The sureties on an undertaking, given to secure the release of personal property from attachment, acknowledged themselves to be held and firmly bound and indebted to the attachment plaintiff and the attaching officer in a certain sum, in consideration of the release

of the property from levy, the obligation to be null and void if the attachment defendant should pay any judgment the plaintiff might recover, "otherwise to be and remain in full force and effect." *Held*, that the undertaking, when reasonably construed, bound defendant sureties to pay any judgment recovered by plaintiff, in case the attachment defendant failed to pay.

Same—Exclusion of Evidence—Appeal—Review—Errors not Affecting Result.

6. The defendant sureties in the above action having bound themselves to pay any judgment the plaintiff in the attachment proceeding might recover against their principal, an assignment that the court erred in excluding evidence as to the value of the property attached need not be considered on appeal.

Same—Release—Undertaking—Estoppel.

7. Where an undertaking given for the release of personal property from attachment recited that a levy was made and the undertaking given to secure its release, the sureties are estopped to say, in an action to recover on the undertaking, that no levy was made.

Same—Release—Action on Undertaking—Real Party in Interest.

8. Where an undertaking for the release of attached property ran to the attachment creditor and the sheriff making the levy, and provided that, in the event of the failure of the attachment defendant to pay any judgment the plaintiff might recover, the sureties would do so, the attachment creditor was the real party in interest and the proper party to bring suit on the undertaking.

Same—Release—Undertaking—Approval After Release—Defenses—Instructions.

9. An instruction requested by defendant sureties, that if the undertaking referred to in the above paragraphs was not approved until after the attachment was released, verdict should be rendered in their favor, was properly refused, since the formal approval of the undertaking was for the benefit of the sheriff and not the sureties.

*Appeal from District Court, Deer Lodge County; Geo. B. Winston, Judge.*

ACTION by George Dackich against George Barich and another, to recover on an undertaking given to secure the release of an attachment. From a judgment for plaintiff and from an order denying a new trial, defendants appeal. Affirmed.

*Mr. W. H. Trippet,* and *Mr. T. O'Leary,* for Appellants.

The amended complaint does not state a cause of action. Under the rule laid down by this court in *O'Keefe* v. *Dyer,* 20 Mont. 477, "A bond by which the obligor binds himself in a sum of money for the performance of the condition thereof is *prima facie* a penal obligation." Such is the bond in this

case, and upon breach of the bond the measure of damages is the value of the property released by the sheriff. There is no allegation of damage in the complaint, or that the sheriff was in any way harmed or blamed. (*Pinney* v. *Hershfield*, 1 Mont. 367; *Smith* v. *Scott*, 86 Ind. 346.)

The rule of the common law, that the plea and evidence of want of consideration to a sealed instrument is estopped by the recitals in the instrument itself, is abrogated by our statute, (Civ. Code, sec. 2190), abolishing all distinctions between sealed and unsealed instruments, and subdivision 39 of section 3266 of the Code of Civil Procedure provides that the presumption that there was a good and sufficient undertaking for a written contract is disputable, and may, therefore, be controverted by other evidence. (*Powers* v. *Chabot*, 93 Cal. 266, 28 Pac. 1070; *Reay* v. *Butler*, 118 Cal. 113, 50 Pac. 375; *Estate of Kennedy*, 129 Cal. 384, 62 Pac. 64; *Graham* v. *Bickham*, 2 Yeates, 32, 4 Dall. (Pa.) 143, 1 Am. Dec. 328, and note; *Perkins* v. *Lyman*, 11 Mass. 76, 6 Am. Dec. 158; *State* v. *Gregory*, 132 Ind. 387, 31 N. E. 952; *Gilbert* v. *Wiman*, 1 N. Y. 550, 49 Am. Dec. 359; *Trinity Church* v. *Higgins*, 48 N. Y. 532; *Luce* v. *Foster*, 42 Neb. 818, 60 N. W. 1027; *Comstock* v. *Breed*, 12 Cal. 286.)

*Mr. John H. Tolan,* and *Mr. W. B. Rodgers,* for Respondent.

The appellants are concluded and estopped by the recitals in the undertaking, which recites as a fact that an attachment had been levied, and that the undertaking was given to secure its release. (*Pierce* v. *Whiting*, 63 Cal. 538; *Klippel* v. *Oppenstein*, 8 Colo. App. 187, 45 Pac. 224; *Parrot* v. *Kane*, 14 Mont. 23, 35 Pac. 243; *Smith* v. *Fargo*, 57 Cal. 157; *Benesch* v. *Waggner*, 12 Colo. 534, 13 Am. St. Rep. 254, 21 Pac. 706; *Martin* v. *Gilbert*, 119 N. Y. 298, 16 Am. St. Rep. 823, 23 N. E. 813, 24 N. E. 460; *Jewett* v. *Torrey*, 11 Mass. 219; *Moore* v. *Earl*, 91 Cal. 632, 27 Pac. 1087; *State* v. *McDonald*, 4 Idaho, 468, 95 Am. St. Rep. 137, 40 Pac. 312; *Johnston* v. *Oliver*, 51

Ohio St. 6, 36 N. E. 458; *Bailey* v. *Aetna Indemnity Co.*, 5 Cal. App. 740, 91 Pac. 416.)

Even if the appellants are right in their contention that the undertaking upon which this suit is brought is a common-law bond, still the effect of such instrument, the measure of damage, and the result of the suit would be the same. (*Smith* v. *Fargo, supra; Central Mills* v. *Stewart,* 133 Mass. 461; *Commissioners of Jefferson Co.* v. *Lineberger,* 3 Mont. 231, 35 Am. Rep. 462; *Palmer* v. *Vance,* 13 Cal. 553.)

A common-law bond would be a sufficient compliance with the provisions of section 893 of the Code of Civil Procedure, as amended by Sixth Session Laws, page 129. (*Curiac* v. *Packard,* 29 Cal. 194; *Schradsky* v. *Dunklee,* 9 Colo. App. 394, 48 Pac. 666.) Mere technical irregularities in the form of the undertaking or bond will not defeat a recovery thereon. (*Carlon* v. *Dixon,* 12 Or. 144, 6 Pac. 500; *State* v. *McDonald, supra; Commissioners of Jefferson County* v. *Lineberger, supra; Kelly* v. *McCormick,* 28 N. Y. 318.)

MR. JUSTICE SMITH delivered the opinion of the court.

Plaintiff and respondent filed his complaint in the district court of Deer Lodge county, wherein he alleged: That, in an action theretofore begun in said district court, he, as plaintiff, sought to recover from one Milkovich the sum of $500; that on October 14, 1905, an attachment against the property of Milkovich was issued, and on the same day the sheriff levied upon, seized and took into his possession a one-third interest in a certain stock of merchandise; that afterward, and between the fourteenth day of October and the eighteenth day of October, Milkovich and the defendants executed and delivered to the plaintiff and the sheriff a written undertaking pursuant to law, a copy of which is as follows:

"We, Bob Milkovich, as principal, and Geo. Barich and J. P. Stagg, as sureties, are hereby held and jointly and severally held and bound unto *the above-named plff., and* to the sheriff of Deer Lodge county, in the state of Montana, in the sum of

$1,067.00, in which sum we do hereby acknowledge ourselves jointly and severally indebted unto said sheriff *and plff.* aforesaid in the said sum of $1,067.00 for the payment of which sum well and truly to be made we do hereby bind ourselves, our heirs and assigns jointly and severally and firmly by these presents. The conditions of the foregoing obligation are such that, whereas on the 14th day of October, 1905, the sheriff aforesaid did, under and by virtue of a certain writ of attachment, issued out of the above-entitled court and in the above-entitled action, levy upon, seize and take into his possession a one-third undivided interest in and to that certain stock of merchandise situated and being in the Barich block, on the north side of East Park avenue and being between Cedar and Chestnut streets, in the city of Anaconda, in the county of Deer Lodge and state of Montana; and, whereas, the above-named principal and deft. is desirous of having the aforesaid property attached as aforesaid and released from the levy of the writ of attachment aforesaid: Now, therefore, in consideration of the release as aforesaid of the property aforesaid by the sheriff aforesaid, and to save him harmless and blameless in the premises, and should the aforesaid principal and deft. pay any judgment in the above cause that the plff. therein may recover against said principal and deft., aforesaid, together with all costs, interest and atty's fees, if any should be allowed, then this obligation to be null and void, otherwise to be and remain in full force and effect''; that upon the delivery of said undertaking, duly approved in writing on the back thereof by the plaintiff's attorney, Mr. Tolan, and duly filed with the clerk of the court, the attachment was discharged and the property released and delivered to Milkovich; that on January 27, 1906, the plaintiff recovered a judgment against Milkovich for $534.10, which the defendants have, after demand, refused to pay, and that execution against Milkovich has been returned wholly unsatisfied. Plaintiff demanded judgment for $534.10, together with interest and costs.

The defendants filed a motion to make the complaint more definite and certain by setting forth the time when the attach-

ment was discharged and the property released, the time when the undertaking was executed and delivered, whether or not the undertaking was approved prior to its delivery to the sheriff, and when the property was redelivered to Milkovich. This motion was overruled. Defendants then filed special and general demurrers to the complaint. The special demurrer raises the same points as those found in the motion to make more definite and certain, and, in addition thereto, it is therein urged that there is a defect of parties plaintiff, because the sheriff of Deer Lodge county was not joined as a plaintiff, and a defect of parties defendant, because Milkovich was not sued; that the complaint is ambiguous and uncertain, in this, that the complaint alleges that the instrument sued on is an "undertaking pursuant to law" and the instrument exhibited is a common-law bond, a different instrument from that declared upon. The court overruled these demurrers. Thereupon the defendants answered (1) by denying that they made, executed or delivered the bond set forth in the complaint; (2) by alleging that said instrument "was and is wholly without consideration," because the sheriff never made any levy and there was no attachment to release; (3) by alleging that the execution and return thereto were falsely and fraudulently issued and made to charge these defendants with the amount of the judgment, the one-third interest of Milkovich in the property alleged to have been attached being in the same condition and situation as when the alleged levy of the attachment was made and as subject to levy on execution as it was to the levy on attachment; (4) by alleging that the plaintiff has compromised with Milkovich and taken his note and other evidence of indebtedness for the amount of the judgment; and (5) by denying every other allegation of the complaint. The answer was afterward amended so as to allege that at the time of the issuance of the attachment Milkovich had no interest in the stock of merchandise "of any value," that no part of said stock of merchandise was levied upon, and "that at the time defend-

ants signed said bond in plaintiff's complaint mentioned, to the sheriff of Deer Lodge county, and not to the plaintiff, it was understood and agreed by and between said defendants and said sheriff that said bond was for the sole and only purpose of securing to the said sheriff on said attachment the value of the interest of said Milkovich in said stock of goods; that said Milkovich did not at that time have or own any interest in said stock of goods, and, in order to induce said defendants to sign said bond, said sheriff represented to them that said bond was only for the purpose alone as aforesaid, and, relying upon said representation, defendants signed said bond." The reply denied all of the affirmative allegations of the answer as amended.

At the trial J. H. Duffy, Esq., testified that he prepared the so-called bond or undertaking, that the instrument was in exactly the same condition as when executed by the parties, and that no insertions or alterations had been made since its execution. The signatures of the parties to the instrument were duly proven. The record in the original attachment suit was offered in evidence by the plaintiff. This record contained, among other papers, a petition by the appellants here, Barich and Stagg, for leave to intervene in that cause, for the reason that Milkovich, notwithstanding the fact that he had a valid defense thereto, had withdrawn his answer, and in collusion with the plaintiff was about to allow judgment to go against him by default. In this petition for leave to intervene and their affidavits in support thereof, and also in their complaint in intervention subsequently filed, they allege, under oath, as a reason for their intervention, that they were interested in the result of the suit, because "the said George Barich and J. P. Stagg are the sureties on the bond given to the sheriff for the release of an attachment levied upon the property of the defendant Milkovich by virtue of a writ issued out of this court in this action, wherein in said bond the said Barich and Stagg obligated themselves to pay any judgment that might be recovered in this action against the said defendant." After these intervention papers were admitted in evidence, counsel for the appellants moved to strike

them from the record, for the reason that, if they "were to be used for the purpose of an estoppel in any way, that an estoppel has not been pleaded, an estoppel of record." The court overruled the motion to strike, the judge stating that he was aware that ordinarily an estoppel must be pleaded, but that he would receive the papers as a part of the case generally, as part of the proceedings in connection with the writ of attachment and the entry of judgment. Mr. Duffy also testified that the approval of the plaintiff's attorney, dated October 18th, was not on the bond or undertaking on October 14th. Mr. Taylor, the undersheriff who had the writ of attachment for service, testified: "I did take possession. I took possession by telling him (Milkovich) that I took possession and serving the papers on him. That is the way I took possession—by serving the papers on him. That is the only way I took possession. This was in the saloon where Milkovich was. The saloon is connected by a side door to the grocery store." The bond or undertaking was received in evidence over the defendants' objection.

For the defense, George Barich testified that the undersheriff came to his store and inquired for Milkovich, saying he had a writ of attachment against him. Witness told the undersheriff that Milkovich had an interest in the store which had been one-third, but that he had drawn out "most everything he had in it, and it might not be one-third or anything." They then went into the saloon where Milkovich was. The undersheriff informed him, through Barich as interpreter, that he had the writ of attachment. Barich advised Milkovich to pay the bill, but he refused, because, as he said, it was not due. The undersheriff then told Barich that he could not attach Milkovich's interest, but advised Barich to furnish security "for the sheriff's protection." Barich advised him to take possession, take an invoice of Milkovich's interest, and remove his share of the goods. This the undersheriff refused to do, but informed Barich that, if he furnished security, he would not be obliged to pay the whole sum of $500, but only what Milkovich's interest was worth. Barich then said that, if that was the case, he would go on the

bond and get another surety also. At this point the plaintiff moved the court to strike out all the testimony of Barich "that tends to or does contradict the bond for the release of the attachment." The court sustained the motion, and the defendants preserved an exception to the ruling. This question was then propounded to the witness: "Mr. Barich, what did the sheriff do there when he went down with the writ of attachment as to taking possession of any property?" Objection was interposed by plaintiff's counsel and sustained by the court. Defendants then offered to show that the undersheriff did not levy upon or take into his possession any part of the stock of goods or any property of Milkovich. Plaintiff's counsel objected to the testimony being received, and the court sustained the objection. In answer to the question (evidently referring to the words claimed to have been interlined), "Did you notice whether those—whether that was written?" the witness said: "There was nothing there. I say that was not in there; that between the lines was not there, nor this neither, just the straight lines. Mr. Duffy read to me. Mr. Tolan came across in the room and read it and said it was all right, and I signed it. Then I took it to Stagg at his store, and he signed it. Mr. Duffy was not there. Milkovich signed it two or three days after I did. Mr. Duffy gave it to Milkovich to sign." The witness was then asked to state what interest Milkovich had in the stock of goods, and the value of the same, also the value of the property claimed to have been levied upon. The court sustained an objection to these questions.

The foregoing is all of the testimony in the case, in substance. The jury returned a verdict for the plaintiff for $534.10 and interest. The court entered judgment on the verdict. Defendants appeal from the judgment, and also from an order denying a new trial.

1. It is contended by the respondents that the order overruling the motion for a new trial cannot be considered by this court, for the reason that no notice of appeal from this order was served or filed within the time allowed by law. We do not deem it

necessary to decide this matter of practice. The only question of fact submitted by the court to the jury was whether the so-called bond or undertaking was the identical bond or undertaking executed by the defendants. The jury by its general verdict found that it was, and there is ample evidence to support this finding.

2. Again, it is contended that we cannot consider the motion to make more definite and certain, because the ruling thereon is not preserved in the record by any bill of exceptions. This question of practice also becomes immaterial, for the reason that we find no error in the ruling of the court on the point presented by the appellants. We think the complaint was sufficiently definite and certain to enable the defendants to understand what the alleged cause of action was, and to intelligently answer the same and prepare their defense. Reading the whole case, we cannot see that defendants were in any way prejudiced by the ruling of the court. The foregoing disposes, also, of the ruling upon the special demurrer in so far as it covers the same point. There is another point raised, however, to-wit, that the complaint is ambiguous and uncertain, because the so-called bond or undertaking is described as an "undertaking pursuant to law," and is in reality a common-law bond. We shall hereafter discuss the legal effect of the instrument; but; inasmuch as a copy of the instrument is attached to the complaint, it was immaterial by what name it was called in that pleading. Whether the complaint states facts sufficient to constitute a cause of action is a question which will hereafter be decided, when we come to construe the instrument sued upon.

3. The fundamental question in the case is whether the defendants are liable upon the instrument in suit, and, if so, what the measure of damages is. We think it makes very little difference in this case whether the instrument is a statutory undertaking or a common-law bond, but are inclined to the opinion that it is an undertaking given pursuant to section 893 of the Code of Civil Procedure of 1895, as amended (Revised Codes,

sec. 6660). That section reads as follows: "The writ [of attachment] must be directed to the sheriff of any county in which property of such defendant may be, and must require him to attach and safely keep all the property of such defendant within his county not exempt from execution, or so much thereof as may be sufficient to satisfy the plaintiff's demand, the amount of which must be stated in conformity with the complaint, unless the defendant give him security by the undertaking of at least two sufficient sureties, in an amount sufficient to satisfy such demands, besides costs, or in an amount equal to the value of the property which has been or is about to be attached, in which case, to take such undertaking; such undertaking is to be to the plaintiff or plaintiffs in the action, and shall be approved in writing on the back thereof by the plaintiff or plaintiffs or his or their attorney or attorneys, or upon their refusal, by the judge of the district court of the same county as the residence of the sheriff; the sheriff shall thereupon file said undertaking with the clerk of the district court out of which said writ of attachment emanates, and such sheriff shall thereupon cease to be liable under said writ, and any and all action on such undertaking shall be against the obligors named in such undertaking. Several writs may be issued at the same time to the sheriffs of different counties. In no case shall the sheriff attach more property than appears necessary to satisfy the plaintiff's demand."

The demand of the plaintiff was $534.10. The amount of the bond was $1,067, substantially double the amount claimed. The sureties acknowledged themselves to be held and firmly bound and indebted to the plaintiff and the sheriff in this latter amount. This, of course, was an acknowledgment that they were bound to pay some amount to the obligees under certain conditions. What, then, was that amount? We turn to the "conditions of the obligation." Here we find, first, a recital that the sheriff did on October 14th levy upon and take into his possession a certain interest in a stock of merchandise, and that the defend-

ant is desirous of ''having the aforesaid property attached as aforesaid'' released.    Then follows the consideration for giving the undertaking, to-wit, the release of the property from the levy of the attachment.    Then follows this: ''Should the aforesaid  *  *  *  defendant pay any judgment in the above cause that the plaintiff  *  *  *  may recover against'' him, ''then this obligation to be null and void, otherwise to be and remain in full force and effect.''    What contingency, then, would avoid the obligation?    Obviously this only: The payment by Milkovich of any judgment that Dackich might recover against him. Dackich recovered a judgment for $534.10.    The judgment was not paid.    What result followed?    This: That the obligation remained in force.    But it is strenuously urged that the sureties did not agree to pay any judgment.    But what other construction can be placed upon the phraseology employed?    They acknowledged themselves bound and indebted.    They carefully stipulated that that obligation should cease if Milkovich paid the judgment.    But they said: ''If he does not, we are still bound.''    It is manifest to us that the only reasonable construction to be placed upon this contract is that the sureties agreed to pay the judgment if Milkovich failed to do so.    The defendants evidently placed the same construction upon it themselves when they filed their complaint in intervention, and, presumably, their attorney did also.    We think the foregoing opinion is sustained by the following authorities: *Bailey* v. *Aetna Indemnity Co.,* 5 Cal. App. 740, 91 Pac. 416; *Smith* v. *Fargo,* 57 Cal. 157; *Curiac* v. *Packard,* 29 Cal. 194; *Palmer* v. *Vance,* 13 Cal. 553; *Commissioners of Jefferson County* v. *Lineberger,* 3 Mont. 231, 35 Am. Rep. 462; *Central Mills Co.* v. *Stewart,* 133 Mass. 461; *Schradsky* v. *Dunklee,* 9 Colo. App. 394, 48 Pac. 666.

4. Appellants contend that it was error for the court to exclude the testimony of Barich as to the value of the property attached.    Our determination that the undertaking of the defendants was to pay the judgment, makes it unnecessary to discuss this assignment of error.

5. It is also contended that the court erred in its rulings to the effect that the defendants could not dispute the consideration recited in the undertaking. They cite subdivision 39, sec. 3266, Code of Civil Procedure (sec. 7962, Revised Codes), which provides that the presumption that there was a good and sufficient consideration for a written contract is disputable. There is, under the law, a presumption that there was a good and sufficient consideration for a written contract, and that presumption is, if uncontradicted, satisfactory. (Revised Codes, sec. 7962, *supra.*) If a written contract recites no consideration at all, there is a presumption that there was a good and sufficient consideration for it. But that principle is not involved in this inquiry. The proposition contended for by the respondent is that, having recited in their undertaking that a levy was made, and having thus induced the plaintiff to approve and accept that undertaking, defendants cannot now be heard to say for the first time that no levy was made. We think this position is well taken. (*Parrott* v. *Kane,* 14 Mont. 23, 35 Pac. 243; *Johnson* v. *Oliver,* 51 Ohio St. 6, 36 N. E. 458; *Pierce* v. *Whiting,* 63 Cal. 538; *Bowers* v. *Beck,* 2 Nev. 139.)

6. Again, it is urged that the plaintiff was not the proper person to bring suit on the undertaking. But the jury found that the instrument had never been altered, and the plaintiff was one of the obligees named therein. Aside from this, he was the real party in interest, and the proper party to bring suit. (*Commissioners of Jefferson County* v. *Lineberger, supra.*)

7. Defendants requested the court to instruct the jury that, if the undertaking was not approved until after the attachment was released, a verdict should be rendered in their favor. This instruction was properly refused. The formal approval of the undertaking by plaintiff's attorney was for the protection of the sheriff. (*Irwin* v. *Crook,* 17 Colo. 16, 28 Pac. 549.)

We believe the foregoing disposes incidentally of all other questions raised in the appellants' brief, either by way of argument

or under the specifications of error. Many of the latter, however, are not mentioned in the written argument.

The judgment and order of the district court are affirmed.

*Affirmed.*

MR. CHIEF JUSTICE BRANTLY and MR. JUSTICE HOLLOWAY concur.