Submitted on brief for appellant and argued in behalf of respondent April 24, affirmed May 27, 1919.

## MISHLER *v.* EDMUNSON.*

(180 Pac. 934.)

**Replevin—Defendant's Redelivery Bond—Construction—Costs.**

1. Redelivery bond of defendant in replevin action conditioned "for the payment to said plaintiff of any such sum as may, for any cause, be recovered against said defendant," *held* to obligate sureties to pay costs taxed against defendant in the trial court and also on his appeal.

**Replevin—Redelivery Bond—Release of Surety—Execution of Supersedeas Bond.**

2. The execution of a *supersedeas* bond by defendant in replevin action on appeal from judgment for plaintiff does not operate to release sureties upon his redelivery bond.

From Lane: GEORGE F. SKIPWORTH, Judge.

Department 2.

On November 5, 1914, the plaintiff commenced an action in replevin in the Circuit Court of Lane County against J. M. Edmunson and B. A. Allen for the recovery of 184 bales of hops and duly filed his affidavit, bond and order requiring the sheriff to take possession of the hops and deliver them to the plaintiff. While the sheriff held possession of the hops the defendants duly executed a counter-bond for the redelivery of the hops to the defendant J. M. Edmunson, reciting that:

"We are firmly bound, jointly and severally, in the sum of $7,000, being double the value of said property, as stated in the affidavit of the plaintiff, for the delivery thereof to the plaintiff, if such delivery thereof be adjudged or for the payment to said plaintiff of any such sum as may, for any cause, be recovered against said defendant."

*For authorities passing on the question of elements of damage and costs recoverable in action on replevin bond, see note in 30 L. R. A. (N. S.) 373.                    REPORTER.

The hops were delivered to J. M. Edmunson. A trial was had and judgment was entered in favor of the plaintiff against the defendants to the effect that the plaintiff was "the owner and entitled to the immediate possession of said property, being the property hereinbefore described, and further decreeing that in case said personal property hereinbefore mentioned could not be delivered to the plaintiff that the plaintiff be given a judgment against the defendant, J. M. Edmunson, for the sum of $1,346.69 and the costs of said action," and judgment against the said defendant, J. M. Edmunson, and in favor of the plaintiff was thereupon entered for the sum of $1,346.69 and $74.60 costs, on June 15, 1915. From this judgment the defendant J. M. Edmunson appealed to this court, where it was affirmed on May 1, 1917: *Mishler* v. *Edmunson,* 84 Or. 555 (164 Pac. 718). Based upon a mandate of this court, judgment was again entered in the Circuit Court of Lane County on July 24, 1917, in favor of the plaintiff and against J. M. Edmunson and his sureties on the *supersedeas* bond which they executed upon the appeal to this court, for the principal amount and costs in the lower court and for $39 costs in this court.

Execution was issued on the judgment rendered against J. M. Edmunson and his sureties on appeal and was returned by the sheriff wholly unsatisfied. No part of the judgment has been paid and the plaintiff commenced this action against the defendants J. M. Edmunson, M. J. Edmunson and M. S. Wallis to recover the full amount of the judgment and all costs upon the redelivery bond which was executed by the defendants M. J. Edmunson and M. S. Wallis on November 6, 1914, by reason of which the sheriff delivered the hops in controversy to the defendant J. M. Edmunson. It is contended that the defendants M. J.

Edmunson and M. S. Wallis as sureties are liable to the plaintiff upon the redelivery bond for the full amount of the judgment which he recovered against J. M. Edmunson, with interest thereon from the date of the judgment at 6 per cent per annum, and for the costs in the Circuit Court and this court.

A jury was waived and trial was had before the Circuit Court, which made findings of fact and conclusions of law upon which it rendered judgment in favor of the plaintiff and against all of the defendants for the full amount of plaintiff's claim with costs and interest thereon at 6 per cent per annum from October 16, 1917, the date of the judgment. The defendant M. S. Wallis only appeals, contending that because by the mandate of this court a judgment was rendered against the sureties on the *supersedeas* bond he was thereby released and discharged from any liability upon the replevin bond; that there is nothing in the record to show that the hops could not be delivered or that any effort was made by the plaintiff to secure them after the final judgment, and that judgment should not have been rendered for the amount of costs in the Supreme Court.

The vital question is: When the defendant in a replevin action executes a redelivery bond with surety and obtains the property and the plaintiff recovers judgment in the action for its possession or value and the defendant appeals to the Supreme Court, executing a *supersedeas* bond, and through the mandate of this court judgment is entered against the defendant and his sureties on the *supersedeas* bond for the value of the property, is the surety on the replevin bond discharged and released from all liability? AFFIRMED.

For appellant there was a brief prepared and submitted by *Mr. A. C. Woodcock.*

For respondent there was a brief and an oral argument by *Mr. O. H. Foster.*

JOHNS, J.—The bond is joint and several, follows the statute and expressly provides for the delivery of the hops to the plaintiff, "if such delivery thereof be adjudged, or for the payment to said plaintiff of any such sum as may for any cause be recovered against said defendant." Judgment was recovered against J. M. Edmunson, the defendant in the original action, for the sum of $1,346.69, the value of the property, and $74.60 costs in the trial court. From this judgment the defendant J. M. Edmunson appealed to this court, where it was affirmed with costs in this court, $39.

1. We are of the opinion that all of the costs in both courts come within the terms and provisions of the redelivery bond. It was through the force and effect of that counter-bond that the property was taken from the sheriff and delivered to the defendant J. M. Edmunson in an action then pending. At the time of its execution his sureties knew that the case could and might be appealed to the Supreme Court. And regardless of the *supersedeas* bond they also knew that as long as the redelivery bond was in force and effect the defendant J. M. Edmunson was entitled to obtain and hold possession of the hops.

The law is well stated in 34 Cyc. 1582, where it is said:

"One who becomes surety on a replevin bond thereby becomes a joint debtor with the principal obligor, and ordinarily his undertaking extends to all proceedings and adjudications in the same action, through every court to which it may be carried by appeal, in case the party giving the undertaking is finally defeated."

We find in 23 R. C. L., page 919:

"So also the costs in the replevin suit are recoverable by the successful defendant suing on the replevin bond, when the condition is that the obligors will pay to the obligee any judgment he might recover in the replevin action."

*Coonradt* v. *Campbell,* 29 Kan. 391, is a similar case and it was there held:

"The appeal bond continued in force from the time it was given until the property was restored under the final judgment. The *supersedeas* bond was only additional security, having in no manner set aside the obligations of the appeal bond. It was entirely optional with Coonradt whether he took the judgment against him in the District Court up to this for review, and entirely optional whether if he did take it up he should stay the enforcement of that judgment by a *supersedeas.* His election to continue the litigation further and to stay proceedings in no manner released him from the liabilities assumed by this appeal bond."

The same principle is sustained in *State* v. *McGlothlin,* 61 Iowa, 312 (16 N. W. 137); *Campbell* v. *Laue,* 2 Neb. (Unof.) 63 (95 N. W. 1043); *Shannon* v. *Dodge,* 18 Colo. 164 (32 Pac. 61); *Jordan* v. *Agawam Woolen Co.,* 106 Mass. 571.

The only authority cited by defendant's counsel is *Winston & Fenwick* v. *Rives,* 4 Stew. & P. (Ala.) 269. That case was first tried in the County Court and an appeal was taken to the Circuit Court. A *supersedeas* bond was executed on that appeal and the judgment of the County Court was affirmed. An appeal was then taken to the Supreme Court and another *supersedeas* bond was executed on that appeal. Judgment was rendered against the sureties on the final appeal and it was there held that the judgment against the sureties on the *supersedeas* bond on the appeal from the Circuit to the Supreme Court operated as a release

or discharge of the sureties on the *supersedeas* bond on the appeal from the County Court to the Circuit Court.    That case is not in point here.

2. We hold that the *supersedeas* bond is cumulative; that the terms and provisions of the redelivery bond, ''for the payment to said plaintiff of any such sum as may, for any cause, be recovered against said defendant,'' are broad enough to cover and include costs in the trial court and the costs on appeal to this court, and that the execution of the *supersedeas* bond did not operate to release the defendant M. S. Wallis from liability upon the redelivery bond.    The judgment of the Circuit Court is affirmed.            Affirmed.

McBride, C. J., and Bean and Bennett, JJ., concur.