CLARK, SHERIFF, APPELLANT, *v.* NATIONAL SURETY CO., RESPONDENT.

(No. 6,205.)

(Submitted November 22, 1927. Decided December 9, 1927.)

[261 Pac. 618.]

*Claim and Delivery — Undertaking — Extent of Liability of Surety—Appeal—Implied Findings.*

Appeal—Necessary Findings to Uphold Judgment not Made will be Implied.
1. Where in an action tried without a jury the court did not make any findings of fact, any finding necessary to support the judgment will be implied and sustained unless the evidence clearly preponderates against it.

Claim and Delivery—Undertaking—Extent of Surety's Liability.
2. The surety on an undertaking in an action in claim and delivery against a sheriff, conditioned for the return of the prop-
81 Mont.—8

erty if return be adjudged and for the payment of such sum as might from any cause be recovered against plaintiff, is liable for the costs incurred by defendant sheriff on judgment in his favor.

Same—What not Defense in Action on Undertaking.

3. Where an undertaking in a claim and delivery action had accomplished the purpose for which it was given, the surety thereon will not thereafter be permitted to free itself from the obligations and disadvantages of its engagement, on the ground that the sheriff never relinquished possession of the property in question and that therefore there was no consideration for the undertaking, it appearing that the same surety company had furnished a redelivery bond to permit the sheriff to retain possession.

Same—What Does not Amount to Release of Surety on Undertaking.

4. The giving of a redelivery bond does not amount to a waiver or discharge of the undertaking in a claim and delivery action; nor does the fact that the property held under writ of attachment was subsequently sold under execution release the surety from liability for costs awarded in the claim and delivery action.

---

[1] Appeal and Error, 4 **C. J.**, sec. 2728, p. 779, n. 79; sec. 2853, p. 877, n. 79.

[2, 3] Principal and Surety, 32 **Cyc.**, p. 69, n. 85. Replevin, 34 **Cyc.**, p. 1584, n. 84.

[4] Replevin, 34 **Cyc.**, p. 1582, n. 74.

*Appeal from District Court, Wheatland County; Wm. L. Ford, Judge.*

ACTION by L. W. Clark, as Sheriff of Wheatland County, against the National Surety Company. From a judgment in favor of defendant, plaintiff appeals. Reversed and remanded, with directions to enter judgment for plaintiff.

*Mr. Emmet O'Sullivan,* for Appellant, submitted a brief and argued the cause orally.

*Mr. W. C. Husband,* for Respondent, submitted a brief and argued the cause orally.

MR. JUSTICE STARK delivered the opinion of the court.

There is no dispute in the material facts in this case. The plaintiff, as sheriff of Wheatland county, pursuant to writs of attachment issued in an action entitled *Irvin & Beard Co.* v.

*Edward A. Swanz,* levied upon and took into his possession certain personal property of the defendant therein, consisting of instruments used by him in the practice of optometry. Asserting that said property was exempt from levy under attachment, Swanz commenced an action in claim and delivery against the sheriff, plaintiff herein, to recover possession thereof, and in connection therewith executed an undertaking, with the defendant herein as surety, reciting that:

Whereas, the plaintiff therein had commenced an action "claiming the delivery of ophthalmometer and stand, spectacle trial case, retnascope and spectacle frames, as described in the affidavit now on file herein: Now, therefore, we, Edward A. Swanz, as principal, and the National Surety Company * * * as surety, do hereby agree and undertake, and are bound to said defendant, in consideration of said delivery, in the sum of five hundred ($500.00) dollars, being double the value of the property mentioned in plaintiff's affidavit herein, for the prosecution of the action, for the return of said property to the said defendant, if return thereof be adjudged by the said court, and for the payment to the said defendant of such sum as may from any cause be recovered against the said plaintiff not exceeding the sum of five hundred ($500.00) dollars."

The various papers in that action, including the written indorsement of plaintiff's attorneys upon the affidavit requiring the officer to take the property from the defendant, as specified in section 9222, Revised Codes of 1921, were placed in the hands of S. O. Carroll, county coroner of Wheatland county for service upon the sheriff. Carroll served the same on May 9, 1923. Thereafter judgment was duly given and made in the case of *Irvin & Beard Co.* v. *Swanz,* execution was issued, and the property in question sold by the sheriff thereunder.

In the claim and delivery action such proceedings were had that the defendant therein, plaintiff herein, obtained a judgment against the plaintiff for his costs, amounting to the sum of

$343.89. The defendant having refused to pay the amount of said judgment, after demand made therefor, the plaintiff brought this action for the purpose of enforcing such payment under the terms of the undertaking in the claim and delivery action.

The case was tried before the court without a jury and resulted in a judgment being rendered and entered, dismissing the plaintiff's complaint and awarding the defendant its costs. Plaintiff made a motion for a new trial, which was denied, and he has appealed from the judgment.

The court was not requested to, and did not, make any findings of fact or conclusions of law, and for this reason we are not advised of the theory upon which the judgment was based. Counsel for the plaintiff, however, has said in his brief that the principal proposition involved is whether there was any consideration for the undertaking executed by this defendant [1] in the claim and delivery action. Assuming that this was the position taken by the trial court, it must be held that an implied finding to that effect was made and such finding will not be reversed unless the evidence clearly preponderates against it. (*Steiner* v. *McMillan,* 59 Mont. 30, 195 Pac. 836; *Croft* v. *Bain,* 49 Mont. 484, 143 Pac. 960.)

[2, 3] It is contended by counsel for the defendant that there was no consideration for the undertaking in question and that it never became operative for the reason, as he asserts, that the coroner did not obtain possession of the property from the sheriff in the claim and delivery action. The undertaking here involved was given in compliance with the provisions of section 9223, Revised Codes of 1921, which provides that upon receipt of the papers therein mentioned, including the undertaking, the officer "must forthwith take the property described in the affidavit, if it be in the possession of the defendant or his agent," etc.

The defendant in his answer affirmatively pleaded that the sheriff (plaintiff herein) did not surrender the possession of the property to the coroner; but it alleged that, within five

days after the service upon him of the papers in the case, he furnished and delivered to the coroner an undertaking in the penal sum of $500 "in the manner provided by law" for the purpose of enabling him to retain said property in his own possession and under his control, and for the purpose of preventing said coroner from obtaining possession thereof. A copy of this undertaking was introduced in evidence without objection and it appears to be the ordinary form of a redelivery undertaking, such as is prescribed by the provisions of section 9229, Revised Codes of 1921, with the defendant herein as surety. It recites:

"Whereas, S. O. Carroll, coroner of the county of Wheatland, state of Montana, under and by virtue of an order and requirement duly made and issued in the above-entitled action, and to him directed, did on the 9th day of May, 1923, take from the possession of the defendant in said action the following described personal property: [Describing the property involved.] And, whereas, the said defendant is desirous that said property be redelivered to him by the said coroner: Now, therefore, we, the undersigned, L. W. Clark, as sheriff   *   *   * and the National Surety Company   *   *   *   as surety, in consideration of the premises and the said redelivery of the said property from the said coroner to the said defendant, do undertake.   *   *   *   "

Over objections of the plaintiff that the same was immaterial, the defendant was permitted to introduce evidence tending to show that there was no actual delivery of the property to the coroner by the sheriff. The defendant herein was surety on the redelivery undertaking, as well as upon the undertaking in the original action. The recitals of both these undertakings are its recitals. In view of the foregoing allegations of the answer, it does not appear to us that it was necessary to show that there was an actual transfer of the physical possession of the property from the sheriff to the coroner, as these allegations disclose that the undertaking in the claim and delivery action had accomplished the purpose for which it was given,

and, having done this, the surety thereon will not be permitted to free itself from the obligations and disadvantages thereof. (*Dackich* v. *Barich,* 37 Mont. 490, 97 Pac. 931; *Benesch* v. *Waggner,* 12 Colo. 534, 13 Am. St. Rep. 254, 21 Pac. 706; *First State Bank of Blanchard* v. *Armstrong,* 119 Okl. 98, 248 Pac. 1107; *Town of Pleasant* v. *Greenlee,* 63 W. Va. 207, 129 Am. St. Rep. 971, 60 S. E. 601; 32 Cyc. 69; 23 R. C. L. 899; Cobbey on Replevin, p. 369, sec. 701.)

It is next argued that the giving of the redelivery bond amounted to a waiver or discharge of the undertaking in the [4] claim and delivery action. In the early case of *Lomme* v. *Sweeney,* 1 Mont. 584, this court had occasion to construe an undertaking identical in its provisions with the one here under consideration, and held that such an undertaking is not in the alternative; that it is not susceptible to the construction that the only money judgment which could be obtained thereunder was one for the value of the property in the event that the same could not be returned.

The case of *Carlon* v. *Dixon,* 14 Or. 293, 12 Pac. 394, is identical in its facts with the instant case. There the undertaking contained the same provision as the one we are considering. The defendant furnished a redelivery bond when the property was taken from him. The plaintiff in the action obtained judgment in the lower court, but it was reversed on appeal and the defendant given judgment for his costs. Defendant then brought suit against the sureties on the original undertaking to recover the amount of the judgment. The defense interposed was that the undertaking was in the alternative and that, since there was no alternative judgment rendered in the case, the sureties were not liable. It was held, however, that the stipulations in the undertaking constituted separate and independent conditions and that a breach of either of them worked a forfeiture which rendered the sureties liable and that a refusal of the sureties to pay the judgment for costs was a breach of the condition which bound them to make payment "to the defendant of such sum as may from

any cause be recovered against the plaintiff." To the same effect are the cases of *Imel* v. *Van Deren*, 8 Colo. 90, 5 Pac. 803; *Mischler* v. *Edmunson*, 92 Or. 347, 180 Pac. 934; *Brabon* v. *Pierce*, 34 Mich. 39; *John Church Co.* v. *Dorsey*, 38 Misc. Rep. 542, 77 N. Y. Supp. 1065.

At the time of the commencement of the claim and delivery action the sheriff held the property under writs of attachment issued in the suit against Swanz, and subsequent to the time of giving the redelivery undertaking he regularly levied upon and sold the property under a writ of execution issued in that action. It is urged by the defendant that, the property having been thus disposed of and its return rendered impossible, the sheriff was released from his undertaking to return the same, and, consequently, there can be no liability on the part of the surety. In support of this contention counsel for the defendant directs attention to the cases of *Caldwell* v. *Gans*, 1 Mont. 570, and *Demers* v. *Clemens*, 2 Mont. 385. The only proposition involved in those cases was whether the surety on an undertaking conditioned like the one in this suit was liable for the value of the property taken in the action, which had been disposed of by other lawful process prior to the judgment in the claim and delivery action, and it was held that the taking of the property under the other process was a good defense to the action against the defendant therein and his sureties for the value thereof. No other point was involved in either of those cases. The question of the liability of the sureties for a breach of the undertaking, other than the failure to return the property, was not before the court in any way. And when it was said in *Caldwell* v. *Gans*, in effect, that the liability of the defendant to return the property under the named conditions discharged the bond, the language must be held to apply only to a discharge from the liability therein being considered, and for this reason the decisions in those cases are not controlling here.

As pointed out in the beginning, there is no dispute upon any material question of fact in this record. After a review

of the same we are forced to the conclusion that the lower court erred in the deductions made from these facts; that the facts preponderate against its decision; and that the judgment should have gone for the plaintiff under the circumstances disclosed.

The judgment is reversed and the cause remanded to the district court, with direction to enter judgment in favor of the plaintiff in accordance with the prayer of his complaint.

*Reversed.*

MR. CHIEF JUSTICE CALLAWAY and ASSOCIATE JUSTICES MYERS, MATTHEWS and GALEN concur.